## Hudson's Guardian v. Hudson, By, etc.

(Decided October 21, 1914).

### Appeal from Adair Circuit Court.

1. Guardian and Ward—Appointment of Testamentary Guardian by Mother—Not Formerly Allowed—Power to Make Conferred by Act of March 19, 1910.—Prior to the passage of the Act, General

Assembly, 1910 (Acts 1910, page 93), which amended Sections 2016, 2020, 2021, 2033, Kentucky Statutes, a mother of infant children was without power to appoint by will a guardian for them; but such power was given her equally with the father by the act of March 19, 1910. Therefore the appointment in 1904 made by the will of a mother of a guardian for her infant children was void, although the appointment of the guardian, if made by the will of the father, would have been valid.

2. Guardian and Ward—Maker of a Will Without Authority to Therein Empower Testamentary Guardian to Settle with His Infant Wards, or Pay Over to Them the Estate Devised, During Their Infancy.—A testator is without power by will to authorize a testamentary guardian to pay to his infant child, during the infancy of the latter, the estate held for him by the guardian. The exercise of such power by the guardian is not permitted by the law; and what the law does not permit a court cannot grant.

3. Infants—Disability of Not Removable by Will.—The disability of an infant cannot be removed by the provisions of a will. His contracts are voidable at his election, and for this reason the law relieves him of the custody and control of his estate and places it, during his minority, in the hands of a guardian for its preservation and probable increase.

4: Guardian and Ward—Exception Arising From the Marriage of Female Infant Repealed by Statute.—Section 2025, Kentucky Statutes, providing: "The marriage of a female ward shall operate as a discharge of the guardianship, and entitle her to demand a settlement with her guardian," having been repealed by Act, General Assembly of March 19, 1902, (Acts 1902, page 73), there is no longer any authority under the laws of this State for a guardian of a female ward to settle with and pay her her estate because of her marriage. There has never been in this State a statute which authorized a guardian to settle with his infant male ward and pay to him his estate; nor is such a thing now permissible under the laws of this State.

JAMES GARNETT and D. O. MYATT for appellant.

W. A. SPINDLE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

In this action, brought by the appellees William L. Hudson, an infant, and James W. Sagesser, his next friend, against the appellant, Louisville Trust Company, guardian of Wm. L. Hudson, to compel it to pay and deliver to the latter, notwithstanding his infancy, the money and other personal estate belonging to him, held by it as such guardian, the circuit court overruled a demurrer filed by appellant to the petition, sustained a demurrer filed by appellees to appellant's answer, and,

by the judgment rendered, directed appellant to make immediate settlement as such guardian; and following such settlement and its approval, to pay over and deliver to the ward the money or other personal estate shown by the settlement to be in its hands belonging to him. From that judgment the guardian has appealed.

It appears from the averments of the petition that the infant appellee, Wm. L. Hudson, became eighteen years of age on November 5, 1913, and that on September 3, 1913, he intermarried with Myrtle E. Sagesser in the city of Jeffersonville, Indiana, since which time they have lived together as husband and wife, and that they now reside together in the city of Louisville, Jefferson County, Kentucky. It further appears that all the estate of which Wm. L. Hudson is the owner, consisting wholly of personal property, was devised him by the will of his mother, Mrs. Celestine Hudson, and that this estate has been for some years and is now in the possession of the appellant, Louisville Trust Company, as guardian.

In the opinion of the circuit court the judgment directing the settlement by the guardian and the payment by the latter to the ward of the estate which may thereby be shown to be in its hands belonging to the ward, was authorized by the second clause of the will of Celestine Hudson. Such parts of the will as are regarded material in this connection read as follows:

"Item (1). I give to my mother, Mrs. Madaline Lester Hinds, and to my children William and Elizabeth Hudson, one-third to each, the money due on the policy on my life, in the Knights and Ladies of Honor. The portion bequeathed to my mother to be paid to her and that bequeathed to my children to be taken in charge for them by their guardian and to constitute a part of their estate."

"Item (2). All the rest, residue and remainder of my property of every kind and description, I give to my children, William and Elizabeth Hudson, share and share alike, and direct that it shall be turned over to their guardian and by him used for their maintenance, support and education. If anything shall be left after paying these expenses, it shall be turned over to the said children as they *respectfully* come to the age of twenty-one years or marry."

"Item (3). I nominate and appoint as executor of this my last will, my brother-in-law, R. W. Shirley, of

Milltown, Adair County, Kentucky, and direct that no bond or surety shall be required of him as such executor, and likewise nominate the said R. W. Shirley as guardian of the persons and estate of my said children, and I request that he shall give them the benefit of his experience and business skill and care for them and their estate as if they were his own children, and I likewise direct that bond or security be required of him as such guardian and he be given power to invest this estate so as to make it produce an income for them, and to change said investment when necessary to that end.''

The will was written March 3, 1904, and only a short time before the testatrix's death. At the September term, 1904, of the Adair County Court the will was duly admitted to probate; the testatrix being at the time of her death a resident of Adair County.

At the same term of the county court at which the will was probated R. W. Shirley, appointed as such therein, duly qualified as executor of the will and guardian of the testatrix's two infant children. Pursuant to the provisions contained in the third clause of the will Shirley gave a bond as guardian of each of the testatrix's infant children, but gave none as executor of the will. On January 31, 1905, R. W. Shirley, at a special term of the Adair County Court, made settlement of his accounts as guardian of the infants William L. and Elizabeth Hudson, and tendered his resignation as such guardian, which, by an order of the county court, was accepted and Shirley released from further duties or responsibility as guardian. At the same term the appellant, Louisville Trust Company, was, by an order of the county court, appointed guardian for each of the infants and duly qualified as such.

It is not alleged in the petition that the appellant, Louisville Trust Company, has been unfaithful in the performance of any of the duties devolving upon it as guardian or that it has not properly managed the estate of the infant appellee, Wm. L. Hudson, but alleged therein that it has, since the marriage of the latter, refused to pay to him, upon his demand, the estate to which he claims to be entitled under the will of his mother, amounting, at the time of the institution of the action, to $2,600.00.

The answer of the appellant denies that the payment or delivery to the infant appellee, Wm. L. Hudson, by it of the estate it holds as his guardian is authorized by the

will of Celestine Hudson because of his marriage; and alleges, in substance, that it can not legally be done until he becomes twenty-one years of age; that until the happening of that event he is only entitled to be paid such part of the estate as may be necessary for his support and the maintenance of himself and wife, and this much of it he has all along received and is still receiving. Moreover, that Wm. L. Hudson, because of his infancy, would not be bound by any settlement that appellant as guardian might make with him; and that such receipt as he might give upon such a settlement would afford no protection to the guardian.

Judging from the language employed in the second clause of the will, it was obviously the intention of the testatrix that her children should receive from the testamentary guardian what remains of the estate bequeathed, when they become twenty-one years of age or marry, respectively, although the marriage may take place during the infancy of the child; and the happening of either of the contingencies mentioned, would, if this expressed intention of the testatrix were carried out, necessarily terminate the guardianship as to the child affected. But can a guardian be given, by will, authority to surrender to his infant ward an estate therein devised him? In our opinion this question must be answered in the negative. The exercise of such power by a testator has never been recognized by the common law, nor has it been conferred by any statute of this State. At the common law, however, a father could, by will, nominate or appoint a guardian for his infant child, and Section 2016, Kentucky Statutes, expressly confers such authority upon the father, in that it provides:

"Any father may, by will, appoint a guardian to his infant child during its minority or for any less period; and may appoint a guardianship of the infant's estate to one, and the custody, nurture and education of the infant to another."

Such authority in the father is also recognized by Section 2021, Kentucky Statutes, which provides:

"In appointing a guardian the court shall pay proper attention to the following order of precedence in right, and not depart therefrom, unless it deems that prudence and the interests of the infant so require; 1. The father or testamentary guardian of his appointing; 2. The

mother if unmarried; 3. The next of kin, giving preference to the males.''

It will be observed that neither of the sections, *supra*, confers upon, or recognizes in, the mother authority to appoint a testamentary guardian for her infant child, although by section 2033, she was given, "if the father be dead and she be suited to the trust, the custody, nurture and education of her child." But by an act of the Legislature approved March 19, 1910 (Acts 1910, page 93), sections 2016 and 2033, Kentucky Statutes, were so amended as to provide:

"That the father and mother shall have the joint custody, nurture and education of their infant child, or children, and in the event of the death of either one of the parents, father or mother, the survivor, if suited to the trust, shall have the custody, nurture and education of such infant child, or children, and may, by will, appoint a guardian to his or her infant child, or children, during its minority or for any less period, and may appoint the guardianship of the infant's estate to one and the custody, nurture and education of the infant to another, but the father shall be primarily liable for the nurture and education of his infant child, or children."

The act in question also amended Section 2020, Kentucky Statutes, as follows:

"If the will of the father or mother so direct, the other parent being dead, no security shall be required from the guardian, unless from change of circumstances in the guardian since making the will, or other cause, the court deems it imprudent to dispense therewith."

The same act likewise amended Section 2021, Kentucky Statutes, so as to empower the county court in appointing a guardian to observe the following order of precedence in right, namely:

"First. The father or mother, or one most suitable for the trust. Second. If either the father or mother be dead, then the surviving parent, if deemed suitable for the trust. Third. If both father and mother be dead then the testamentary guardian named by the last surviving parent. Fourth. The next of kin."

It is manifest that prior to the passage of the act of March 19, 1910, the mother was without power to appoint by will a guardian for her infant child, or children; and that such power was conferred upon her for the first time by that act. As a will takes effect from the date of the death of the maker, and Mrs. Celestine Hudson died

in 1904, it is further manifest that the appointment made by her will of a guardian for her infant children was without authority of law and therefore void. The amendment of March 19, 1910, cannot make valid the appointment of the testamentary guardian made by Mrs. Hudson, before its passage. But as Shirley, the person attempted to be appointed by the will as guardian of the children of the testatrix, was evidently regarded by the Adair County Court as a suitable person for that position and was in fact also appointed guardian by that court and permitted to qualify as such, and his resignation was followed by the appointment and qualification of the present guardian, the Louisville Trust Company, in the same court and by its authority, the validity of neither appointment was affected by the unauthorized act of Mrs. Hudson in attempting to make the appointment of Shirley by the will. In other words, the appointment of Shirley under the circumstances will be regarded as having been made, without the appointment by the will.

If, however, the testatrix had, at the time of making the will, been possessed of the power to thereby appoint a testamentary guardian for her infant children, neither that fact nor the provision of the will so directing, would have authorized him to pay to either child, marrying in infancy, his or her estate. Indeed, as already intimated, the exercise of such power by the guardian is not permitted by the law; and what the law does not permit a court cannot grant. The disability of an infant cannot be removed by the provisions of a will, or judgment of the court. An infant's contracts are voidable at his election and the law does not intrust him with the custody or control of his estate, because it regards him incompetent to manage it. For this reason it relieves him of its control during his minority by placing it in the hands of a guardian for its preservation and probable increase; and requires of the guardian the execution of a bond for the faithful performance of his duties toward the ward and his estate. The marriage of the ward does not relieve him of the disability of infancy. In Clark and Wife v. Anderson, 10 Bush 113, one of the questions involved was the right of Mrs. Clark to demand the payment to her by the trustee of a fund made up of certain unexpended incomes which had accrued from the trust estate, and in approving the action of the

trustee in withholding from her the funds, this court said:

"It was the principal that was devised to appellee to be held in trust for the separate use of Mrs. Clark. The only reason why she has not all the while had the right to receive and dispose of the incomes or profits of the estate was that she was an infant. Her marriage before arriving at age did not remove this disability. Such of the estate as may under the will be subject to her control she takes in her own right as *feme sole,* free from and independent of her husband. Hence to make an acquittance from her to the trustee good and valid it is necessary that it shall be executed by her after the disability of infancy ceases."

If the fund claimed by Mrs. Clark had not been her separate estate its payment to her and her husband, or the husband alone, by the trustee would have been permissible under Section 2025, Kentucky Statutes, then in force, which provides: "The marriage of a female ward shall operate as a discharge of the guardianship, and entitle her to demand a settlement with her guardian." The enactment of this section merely gave legislative sanction to what had long been the common law. At the common law the act of marriage entitled the husband to the wife's personal property; and this was true whether at the time of the marriage the wife were an infant or adult. Mousser v. Nunn, et al., 142 Ky., 656. But Section 2025 having been repealed *in toto* by an act of the General Assembly approved March 19, 1902 (see Acts 1902, page 73), it is not now the law of this State that the marriage of a female ward operates as a discharge of the guardianship and entitles her to demand a settlement with her guardian. There has never, so far as we are advised, been enacted in this State a statute which authorized a guardian to settle with his infant male ward and pay to him his estate; nor is such a thing now permissible under the laws of this State.

The appellant, Louisville Trust Company, may at any time have a settlement in the Adair County Court of its accounts as guardian of the appellee, Wm. L. Hudson, or may resign the guardianship, upon paying into court, the money or other estate in its hands belonging to its ward; but it cannot legally be required to pay or relinquish it to the ward until he arrives at the age of twenty-one years. If, as intimated by counsel, the ill-

health of the appellee, Wm. L. Hudson, puts him in pressing need of more of the estate than the guardian has been authorized by the will of his mother to pay him, he may, as allowed by Section 2034, sub-section 1, Kentucky Statutes, upon a proper showing of the facts obtain from the court an order directing the guardian to increase the payments, even to the extent of encroaching upon the principal of the estate, according to the necessities of the case.

For the reasons indicated the judgment of the circuit court is reversed and the cause remanded, with directions to that court to set it aside and enter, in lieu thereof, a judgment sustaining appellant's demurrer to the appellees' petition and dismissing the action.