## Henton's Trustees v. Henton.

(Decided June 3, 1932.)

FIELD McLEOD for appellants.

H. A. SCHOBERTH for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In June, 1924, James Henton, a citizen and resident of Woodford county, Ky., died testate. Prior to his death, and in October, 1918, Samuel H. Henton died, leaving the appellee and plaintiff below, Mary Kinkead Henton, as his surviving widow, and also an infant child, Samuel Henton, Jr., who received from the estate of his father $3,445.60. One of the appellants and defendants below, Dudley Henton, an uncle of the infant, and also a trustee under the will of James Henton, was duly appointed guardian for Samuel Henton, Jr., and immediately invested the estate of the infant in his hands, and it has since continued to accumulate, but the accumulations are not sufficient to maintain and educate the ward.

By his will James Henton created a trust fund of $40,000 for the benefit of his grandson, Samuel Henton, Jr., and he made his three surviving children, Dudley Henton, Wade Henton, and Jessie Wilhoit, trustees of

that fund, with directions that they invest it for the benefit of the infant cestui que trust. The daughter has since died, and her husband, pursuant to the terms of the will, has qualified as trustee in place of his wife. It was provided by the testator in his will that the trustees might expend from the accumulations of the trust fund as much as $800 per annum for the board, maintenance, and education of the infant up to his arrival at 16 years of age, after which they could expend the entire accumulation of the fund for that purpose until he arrived at the age of 25 years, when the trust should cease and its fund be delivered to him. But, if he should die before arriving at that age leaving issue, the fund should become the property of such issue, however, if he died and left no issue, then it should go to the other children of the testator, if living, or their heirs, if dead, per stirpes.

In 1925, the mother of the infant who was plaintiff below and appellees here, filed an action in the Woodford circuit court against the statutory guardian of her son and against the trustees under the will of James Henton, deceased, in which she alleged facts showing the necessity for an advancement by the statutory guardian, and the trustees of the trust fund, in certain amounts that were necessary for the proper maintenance of her infant child, and a judgment was then rendered, a part of which was, that the trustees should pay to plaintiff, as the custodian of her infant child and the beneficiary of the trust fund, the sum of $500 per annum to be expended for his upkeep and maintenance. In 1929 that case was redocketed, and, on plaintiff's motion supported by the proper pleadings setting forth the facts, the trustees were ordered and directed to thereafter pay for the maintenance and education of the cestui que trust the maximum amount allowed by the will of $800, and which has since been done.

In 1931 the case was again redocketed and an amended petition was filed, setting forth the fact that a deformity of the teeth of the infant cestui que trust had developed, and that it was necessary to expend certain sums of money for dental treatment to restore his normal facial appearance, as well as to preserve his health thereby, amounting in the aggregate to about $580, and that the treatment required would extend over a period of some 2 or 3 years, and that a contract and an

agreement for such treatment had been made with a celebrated dentist in the city of Louisville upon condition that the amount required for that purpose could be obtained, and the court was asked to require the trustees to consent to that agreement and to pay for the services to be so rendered. The resistance made thereto by the trustees did not consist in denying the necessity therefor, but only in the fact that they were already paying out of the trust fund the maximum amount per annum provided by the will in the creation of the trust, and they insisted that the expense therefor should be paid out of the infant's estate left him by his father and in the hands of Dudley Henton as his statutory guardian. The court, upon submission, sustained the prayer of the petition, adopted the agreement entered into for the proposed services, and directed the trustees of the trust fund to pay the incurred expenses therefor out of accumulations of the trust fund, and, complaining of that judgment, they prosecute this appeal.

The argument made in this court by learned counsel for the trustees is the same that was offered by them in resistance to the judgment appealed from, and it would be unanswerable if the trustees had heretofore expended for the benefit of the infant the entire maximum amount per annum that the will authorized them to do, i. e., $800. But, from the recitation of the facts supra, it will be seen (and it is admitted to be true) that up to 1925 the trustees paid no part of the accumulation of the trust fund to the maintenance and support of the beneficiary under the trust, and between that date and 1929 they expended only of that maximum amount the sum of $500, which was $300 per annum less than the will allowed them to do, and from which it is apparent that they now have in their hands an unexpended balance of accumulation of the sum that the will authorized them to expend per annum, if necessary for the maintenance and education of the beneficiary, and which amount we conclude he is entitled to, regardless of the particular year or period the necessity might arise for such expenditures. Such excess accumulations in the hands of the trustees of the amount they were so authorized to expend greatly exceeds the proposed expense to be incurred for the necessary dental treatment of the cestui que trust, and under the plain terms of the will, as we construe them, the court was authorized to render the judgment appealed from.

It is not contended (but, if it were, it could not be sustained) that the professional treatment of the nature and kind here involved is not a necessary expense that may be made for the benefit of a ward, even out of the corpus of his estate, and which the court may so direct under the express provisions of section 2034 of our present Kentucky Statutes. Hudson's Guardian v. Hudson, 160 Ky. 432, 169 S. W. 891; 28 C. J. 1113, sec. 184, 1114, sec. 186, and 1119, sec. 190. But the court did not order in this case such expense to be defrayed out of the infant's estate, because the collateral fund that might be expended for such purpose from the accumulation of the trust, created in his favor by the will of his grandfather, was sufficient for that purpose without encroaching upon the principal of the infant's estate derived from his father and which we think was proper.

Counsel for appellee also seeks to uphold the judgment upon the ground that the trustees of the trust fund in the circumstances, are authorized to expend more than $800 per annum for the education and maintenance of the cestui que trust, and an intention to that effect is sought to be gleaned from the languege of the will creating the trust; but we find no basis for that contention, and it seems to have been made without taking into consideration the fact that the full amount of the $800 annual allowance to the cestui que trust had not been expended by the trustees.

We find no basis for disturbing the judgment, and it is accordingly affirmed.