JARVIS AND OTHERS *vs.* WOODRUFF AND OTHERS.

The husband and wife, being seised in fee of certain real estate, executed a release deed thereof; to which the following condition was annexed: " But, on condition that, whereas the said grantees have lent us one thousand dollars, to be paid three years from this date, without interest, they taking in lieu thereof the rents and profits of said land,—if we shall pay said money, this deed shall be void,—else valid. If not paid, and a forfeiture occurs, the land shall be taken in full payment of debt and interest, without further claim upon us, or either of us." Upon the execution of said deed, the releasees immediately took possession of the land therein conveyed. After they had continued in the uninterrupted occupancy of the same, for more than fifteen years after the expiration of the three years mentioned in said condition, taking the entire rents and profits as owners thereof, the releasers tendered to them said sum of $1,000, for the redemption of the premises,—which sum the releasees refused to receive. On a bill in equity, brought by such husband and wife, to redeem said premises, it was held, 1. That the original transaction between the parties was a loan of money, and a mortgage to secure the same. 2. That the wife's right of entry into said premises, was barred by the statute of limitations, and, therefore, the right to redeem the same, precluded, by the adverse possession of the mortgagees.

THIS was a bill in chancery, to which was filed an answer and cross-bill.

The plaintiffs, in the original bill, prayed the court to set aside and correct a partition of certain real estate, situated in the town of Portland, alleging, among other matters, that a part of said premises were originally owned by Maria A. Woodruff, the wife of Philo D. Woodruff, and in which said Maria A. and her husband, claimed an equity of redemption. Said Maria A. and Philo D., who were made parties to said bill, alone appeared, and filed their answer, and also a cross-bill to redeem the premises so owned by said Maria.

On the hearing of the cause, before the superior court for the county of Middlesex, at the February term, 1853, the following facts were found, which are all that are material, relating to the questions made by the parties.

Said Maria A., before, and at the time of, her marriage, was

seised and possessed, in her own right, in fee simple, of ten acres of land, being the premises described in said cross-bill. On the 20th day of January, 1831, by quitclaim deed, under which the original plaintiffs claimed title to said premises, and which was acknowledged and delivered at the date thereof, said Philo D. and Maria A. conveyed all their right, title and interest in and to said premises, to the releasees therein named, to which deed, the following condition was annexed, to wit :

"But, on condition that, whereas the said grantees have lent us one thousand dollars, to be paid three years from this date, without interest, they taking, in lieu thereof, the rents and profits of said land. If we shall pay said money, this deed shall be void,—else valid. If not paid, and a forfeiture occurs, the land shall be taken in full payment of debt and interest, without further claim upon us, or either of us." The premises were then of no greater value than the sum of one thousand dollars, specified in the condition of said deed, as the sum loaned by the releasees to the releasers, in manner and form as is therein stated ; but the premises are now of much greater value. The releasees, immediately after the execution and delivery of said deed, entered into possession of the premises, and either they or their assigns have, ever since, continued to occupy the same, taking the entire rents and profits of the same, as owners thereof, without any interference or claim on the part of the said Philo D. or the said Maria, his wife, until the 25th day of August, 1852, when they caused to be tendered, in the right and behalf of said Maria, to the plaintiffs and to their attorney, in their behalf, the said sum of one thousand dollars, for the redemption of the premises, which was refused by the plaintiffs. At the time of the execution of said deed, and ever since, the said Philo D. and Maria, were and have been residents of the state of Georgia, or South Carolina. Said sum of one thousand dollars, was never paid to the releasees, named in said deed, nor any part thereof, either principal or

interest. The rents and profits received by the releasees and their assigns, have not exceeded the interest on said sum. It was not found that any other contract was made, in relation to the premises, by the said Philo D. and Maria A., with the releasees in said deed, than that which is stated and contained in the deed executed by them as aforesaid.

Upon these facts, the question, whether the said Philo D. and Maria, in right of said Maria, had a right to redeem the premises, was reserved for the advice of this court.

*Dutton, Bulkeley* and *Tyler*, for the plaintiffs.

*Baldwin* and *Whittlesey*, for the defendants.

HINMAN, J. The first point involved in the question reserved for the advice of this court, is, whether the transaction, evidenced by the deed of Maria A. Woodruff and her husband, of the 17th of January, 1831, was a loan of money to the husband, and a mortgage, by them, of the wife's land, to secure it ? The point depends upon what appears, upon the face of the deed itself. The court does not find, that any other contract, than such as is shown by that instrument, was made at the time ; and although the circumstance, that the land, at that time, was of no greater value than the sum mentioned in the condition, as lent to these leasors, would be evidence, to rebut a presumption, that the deed was intended as a mortgage, in a doubtful case, yet, of itself, it is not sufficient to control the clear and unequivocal language of this instrument. The condition recites, that the parties, to whom the deed was given, had *lent* to the releasers the sum of one thousand dollars, to be paid in three years after the date of the deed, and then, after providing how the interest shall be paid on this sum, it goes on, in the usual form of the ordinary condition to a mortgage deed, to say, " If we shall pay said money, this deed shall be void,—else valid." Here is every element that enters into the ordinary definition of a mortgage,—a conveyance of

lands by a debtor to a creditor, as a security for the payment of the debt ; or, as it is very briefly expressed, by Judge Swift : " It is a contract of sale, executed, with a power to redeem." It is true, that no note, or other written security, except the mortgage deed, was taken for the money ; and, in this respect alone, it is distinguishable from an ordinary loan and mortgage. But, it is well settled, that no other security was necessary, to constitute the transaction a loan and mortgage. If the conveyance was intended as a security for the money, that is enough ; and the condition here expressly recites, that there was a loan, and that it was to be paid at a time fixed. On this point, the case can not be distinguished from the late case of *Bacon* v. *Brown,* 19 Conn. R., 29,—the principle of which is fully sustained, by the authorities there cited. See also *Russell* v. *Southard,* 12 How., 139, where this subject is fully considered. But, although we consider the transaction to have been a loan of money, and mortgage to secure it,—we still think, that neither Woodruff, nor his wife, have any remaining right to redeem. The mortgagees went immediately into the possession of the land, and have ever since used and occupied it, as the absolute owners ; and, whether we consider their adverse occupancy to have commenced immediately, or at the expiration of the law day, more than fifteen years has expired. It is clear, therefore, that, had neither of the parties been under any disability, their right of redemption would be lost by the lapse of time. *Skinner* v. *Smith,* 1 Day, 124. But it is said, that Mrs. Woodruff's right is saved, by the proviso in the statute, in regard to the time within which entry must be made into lands, in the adverse possession of another ; and, had the equity of redemption been cast upon her, without any act of her own, this would be so. It would be so however, only by an equitable application of the statute in her favor. Strictly speaking, she had no right of entry, to be saved, after the law day had expired. She had an equity of redemption ; but after the law day, to make it available,

she must come into a court of equity, and ask, rather as a favor, than as matter of strict legal right, to be permitted to redeem. Now, we think the saving in the statute ought not, by construction, to be extended to the case of a married woman, who has, by her own deed, raised an equity of redemption in her favor. In this state, she has the same power to convey her land, as if she were a *feme sole*. The statute having given her the power of a *feme sole*, to convey her lands, we think her equity of redemption, which she has by deed reserved, should be subject to the same incidents, as if she were sole. In the absence of any authority to the contrary, it seems to us, that, in this respect, it is more equitable, that she should be bound by her deed, as if she were sole, than that, as matter of favor, she should have extended to her a power to lie by, as long as she remains a married woman, and speculate upon the prospective value of her equity of redemption. We therefore, advise the superior court, that neither the said Maria, nor her husband, have, at this time, any right to redeem said mortgaged premises.

In this opinion, the other judges concurred.

Decree for plaintiffs.