GUY HOUGH & WIFE vs. MARY BAILEY AND OTHERS.

The mere fact that a debt is barred by the statute of limitations, constitutes no defence to a bill for the foreclosure of a mortgage given to secure it, or to an action of ejectment to recover the land. To bar either suit the mortgagor must have been permitted to remain in possession for fifteen years, without payment during that time of any portion of the debt, or any act recognizing the continued existence of the mortgage.

An acknowledgment of the debt and a promise to pay it, made by the mortgagor within fifteen years, and while he remains owner of the mortgaged property, are sufficient to save the mortgage from the operation of the statute of limitations. As to the effect of a like acknowledgment after he has parted with the property : Quere.

The title to a note belonging to an intestate estate vests in the administrator, and he has authority to collect, or otherwise dispose of it. If he disposes of it improperly it may render him liable on his bond, but will not affect the title of an assignee who takes it in good faith.

Hough *v.* Bailey.

Where a note was made-payable to *A B* or order, and in the description of it in a mortgage given to secure it the words "or order" were omitted, it was held to be no misdescription, but only an imperfect description, and that the note was not inadmissible in evidence, in a suit for a foreclosure of the mortgage, on account of variance.

MOTION in error from a decree of the superior court (*Pardee, J.*) upon a bill of foreclosure. The general principles involved in the decision of the court will be sufficiently understood without a statement of the facts of the case, which would occupy much space.

*W. Park* and *Lucas*, for the plaintiffs in error.

*Halsey*, for the defendant in error.

HINMAN, C. J. It is well settled that the mere fact that a debt is barred at law by the statute of limitations does not constitute a defence to a bill for the foreclosure of a mortgage given to secure it, or to an action of ejectment to recover possession of the mortgaged estate. *Belknap* v. *Gleason*, 11 Conn., 160; *Higgins* v. *Scott*, 2 Barn. & Adol., 413. In order to bar the mortgagee's right of foreclosure, or a suit at law for the recovery of possession, the mortgagor must have been permitted to remain in possession of the premises for a period of fifteen years at least, without payment during that time of any portion of the debt, or the performance of any act recognizing the continued existence of the mortgage. *Jarvis* v. *Woodruff*, 22 Conn., 548; *Haskell* v. *Bailey*, id., 569. It is true the mortgage in this case was executed in 1844, and more than fifteen years had elapsed since the note secured by it had become due, and the mortgagor or those claiming under him have been in possession of the premises all this time, so that if there was nothing else in the case, this would, according to the cases cited, bar the petitioners' right to foreclose, and preclude them from maintaining this suit. But the finding is that the mortgagor, both before and after he ceased to have any interest in the property, and within fifteen years from the time of bringing this petition, acknowledged the exist-

ence of. the debt and promised to pay it. This recognition of the debt as still subsisting against him was in effect a recognition of the mortgage as a security for it, and prevented the time that had then elapsed from being counted or considered as any part of the fifteen years' uninterrupted possession necessary in order to bar the mortgagee's right to bring ejectment or to foreclose the mortgage. As then the mortgage debt remains still due and the right of foreclosure is not barred by the lapse of time, it would seem that the decree must, of course, have been in the petitioners' favor, unless there is something in the objections of the respondents to prevent it.

These objections are, first, that the petitioners have no title to the note or mortgage. It appears from the finding that the note and mortgage became by assignment the property of Joseph Bailey, the father of the female petitioner. Mr. Bailey executed an assignment of them in favor of his daughter, Hannah Hough, the petitioner, but as neither the note or mortgage, or the assignment of them, were delivered in the life time of Mr. Bailey, but were retained by him until after his death, and so came into the hands of his administrator, and as there was, so far as we are informed, no valuable consideration for that assignment, the note doubtless should have been regarded as a part of Mr. Bailey's estate. *Raymond* v. *Sellick,* 10 Conn., 480. The administrator so treated it, by causing it to be inventoried as a part of that estate. The title of the petitioners therefore can not rest upon this imperfect transfer or assignment from Mr. Bailey, but it further appears that his administrator, pursuant to an agreement between his heirs relative to the settlement and distribution of his estate, and with the consent of all of the heirs except Henry Bailey, delivered over the note and mortgage to Mrs. Hough, who received them, and they were charged to her by the administrator in the settlement of his administration account. We lay no stress upon the fact that most of the heirs of Joseph Bailey consented to this arrangement, nor upon the fact that one of the heirs refused his assent. The title to the note was vested in the administrator, and he had authority to collect or otherwise dispose of it. If he disposed of it improperly it

Hough *v.* Bailey.

might render him liable on his bond, but would not affect the title of his *bona fide* assignee. It is said that this disposition of it was wholly void, because the requirements of the statute in respect to the distribution of estates was not complied with. Perhaps as a formal distribution of a portion of the estate of Mr. Bailey it might have been irregular. Facts enough are not stated in the finding to enable us to determine this question, nor is it important that we should determine it. It appears to have been done in good faith. The estate was settled in 1852, and this disposition of this portion of it has remained and been acquiesced in ever since. And the finding is that by this arrangement Mrs. Hough became the equitable owner of the note for a valuable consideration. It appears to us therefore that her title to it can not be successfully attacked in this collateral way.

It was claimed that the declarations of Henry Bailey, made after he parted with his interest in the mortgaged premises to his daughter Frances, by which he acknowledged the existence of the debt and promised to pay it, should not have been admitted or considered by the court. We are not called upon here, on this motion in error, to determine a question of evidence, as upon a motion for a new trial. But if this was a motion for a new trial on the ground of the admission of improper evidence, it is quite clear that the respondents must fail in it, because enough is not stated to enable us to decide that there was any erroneous ruling upon it in the court below, even if it be assumed that the evidence was inadmissible had it been objected to. It does not appear that the evidence was objected to, or even that the petitioners introduced it, unless indeed we are to infer this from the circumstance that the general effect of it was in their favor. · But if, legitimately, it can have no effect, this would hardly be claimed. These declarations however were made both before and after he released his interest to his daughter. Now as this release was in November, 1852, and as the declarations, both before and after it, were within fifteen years of the bringing of the petition, it appears that enough was shown to establish the fact of the recognition of the mortgage debt within fifteen years and while

he was in possession of the property as its owner. The effect of the evidence would be precisely the same whether the subsequent admissions and declarations be admitted or excluded. Without, therefore, determining whether such declarations were admissible had they been objected to, we are satisfied that it does not appear that the court committed any error of which the respondents can complain.

One of the assignments of error is, that the note described in the mortgage was not produced in court or its non-production accounted for. We suppose that by this and the succeeding assignment of error, that the note should not have been admitted in evidence, the respondents intended to question the regularity of the decree because the note was in fact made payable to Houghton " or order," and is so described in the petition, whereas in the condition of the mortgage deed the fact that it was a negotiable note did not appear. This at most was no misdescription of the note. It only failed to describe it with all the particularity that it was susceptible of. We think however that the description was specific enough.

There is therefore no error in the decree complained of.

In this opinion the other judges concurred.