Marshall County v. Hanna.

---

MARSHALL COUNTY v. HANNA ET AL.

1. **Administrator:** ASSIGNMENT OF NOTES. An administrator has power to dispose, by assignment, of the notes and due bills of the deceased, and in the absence of proof to the contrary it will be presumed this power was rightfully exercised, and that the assignee took them *bona fide.*

2. ——: ——: COUNTY MAY TAKE. A county has the legal capacity under some circumstances to take notes by assignment. The burden of showing lack of authority in any case is upon the one denying it, and unless established it will not avail by way of abatement of an action

*Appeal from Story District Court.*

MONDAY, DECEMBER 12.

THE plaintiff commenced this action on the 3d day of May,

1877, against Fred Baum, claiming $1,000 on six due bills and one promissory note executed by Fred Baum to H. A. Gerhart, and alleging that George Glick, administrator of H. A. Gerhart's estate, assigned and transferred in writing said due bills and note to the plaintiff. Afterward an amendment to the petition was filed averring the death of Fred Baum, and that Thomas B. Hanna and Rachel D. Baum are administrator and administratrix of his estate.

The defendants answered, admitting that they are the administrator and administratrix of the estate of Fred Baum, deceased, and admitting the execution of the note and due bills sued upon to H. A. Gerhart, deceased. The defendants pleaded in abatement of the action, as follows:

"Defendants deny the plaintiff is the owner of said notes, or entitled to recover thereon, but aver that the notes are the property of George Glick, as administrator of H. A. Gerhart, deceased, who died intestate March 8th, 1876. That plaintiff is a municipal corporation, and has never purchased, nor has it authority or power to purchase, said notes, or the right to sue thereon.

"That said administrator (Geo. Glick), without any consideration, pretended to assign said notes to plaintiff, who paid nothing for the same.

"That said plaintiff acquired no right to said notes in any form, and has wrongfully brought suit in its own name.

"That plaintiff filed no claim against the estate of H. A. Gerhart, deceased, nor has any been allowed; and more than four years has elapsed since Geo. Glick was appointed administrator of the estate of H. A. Gerhart, deceased, by the probate court of Marshall county, Iowa. And this suit was brought by plaintiff, not a party in interest, to vex and harass said Fred Baum."

The cause was tried to the court, and judgment was rendered in favor of plaintiff for the full amount of the claims sued upon. The defendants appeal. The facts are stated in the opinion.

*Brown & Binford*, for the appellants.

*O. Caswell*, for the appellee.

DAY, J.—The cause came on to be heard at the February term, 1881. The plaintiff offered in evidence the due bills and notes, with an assignment thereon as follows: "I hereby assign and transfer to Marshall county, notes and due bills No.    *    *    *    to be owned and collected by said county, and the amount of money collected thereon to be applied in payment of the indebtedness due said county from H. A. Gerhart, deceased, late treasurer, after deducting therefrom the costs and expenses of collecting said notes and due bills, being the evidence of moneys taken out of the treasury of Marshall county, as is supposed.          GEO. GLICK,

*Adm'r of estate of H. A. Gerhart.*"

"*State of Iowa, Marshall County:* It is ordered by the court that the above and foregoing assignments to Marshall county, are this day expressly approved, the 2d day of April, 1880.                    C. H. BROCK, *Clerk.*"

To the introduction of the due bills and notes, and the assignments, the defendants objected as follows:

"1. The said plaintiff had no power to purchase, and said George Glick had no power to sell, said notes, as administrator, in the manner shown by the assignment.

"2. The assignments show the sale was without consideration.

"3. Said assignments amount to no more than the turning out by an administrator notes held by him, as such, to a supposed creditor.

"4. An administrator can only sell notes and bills for cash after appraisement. The plaintiff has no power to buy notes and bills, or receive them for collection."

The court overruled these objections, and admitted the evidence, to which the defendants excepted.

I. It is insisted that the administrator had no authority to

Marshall County v. Hanna.

assign the notes and due bills. In Williams on Executors,

1. ADMINIS-
TRATOR : as-
signment of
notes.

page 932 it is said: "It is a general rule of law and equity, that an executor or administrator has an absolute power of disposal over the whole personal effects of his testator or intestate, and that they cannot be followed by creditors, much less by legatees, either general or specific, into the hands of the alienee. The principle is, that the executor or administrator *must* sell, in order to perform his duty in paying debts, etc.; and no one would deal with an executor or administrator, if liable afterwards to be called to account." That the administrator had authority to assign the note and bills, see *Thomas v. Reister*, 3 Porter (Ind.), 369; *Gray v. Thomas*, 6 Ind. Eq., 74; *Bradshaw v. Simpson*, Id., 243; *Hough v. Bailey*, 32 Conn., 288; *Makepeace v. Moore*, 10 Ill., 474. In *Hough v. Bailey*, *supra*, it is said if the administrator dispose of a note improperly, this might render him liable on his bond, but would not affect the title of his *bona fide* assignee. The defendant does not deny liability upon the notes, but pleads certain facts in abatement of the plaintiff's right of action. The burden of establishing these facts is upon the defendant. The executor had a general power to dispose of the note and due bills. In the absence of any showing to the contrary, it is presumed that this power was rightfully exercised. Even if the administrator transferred them improperly, still if the plaintiff took them *bona fide* it acquired a good title, and the executor is liable upon his bond. The defendant does not show that the plaintiff did not take the evidences of indebtedness *bona fide*. Hence, the action ought not to abate on account of the lack of authority of the executor to make the transfer.

II. It is insisted that the county has no legal capacity to take the notes and due bills by assignment. It cannot be de-

2. —— : —— :
county may
take.

nied, however, that under some circumstances a county may take an assignment of notes. The case of *Shankland v. Commissioners of Madison County*, 21 Ohio,

573, recognizes this doctrine, and is a case in very many respects like the present. As between the plaintiff and this defendant the authority of the plaintiff to take by assignment must be presumed until the contrary is shown. The defendant insists upon the lack of authority by way of abatement of the action. The burden of proof is upon him to establish it. This he has not done. This renders unnecessary a consideration of the sufficiency of the evidence admitted to show that the notes were turned over to the county in consideration of the defalcation of Gerhart.

III. It is insisted that the claim in favor of the county against Gerhart was never filed or proved, and that it is barred by statute of limitations against the administrator. This is a matter which does not concern this defendant. He is liable to some one upon the claims sued on. This he does not deny. If the administrator wrongfully assigned the claims in satisfaction of a debt upon which the estate was not liable, this is a matter to be settled between the administrator and the creditors or heirs of the estate.

We see no reason for disturbing the judgment.

AFFIRMED.