EMELINE WHITTEMORE vs. CHARLES B. RUSSELL and others.

Franklin. Opinion March 14, 1888.

*Will. Evidence. Child omitted. Life-estate. Security given by life-tenant.*

Evidence *aliunde* the will is admissible to show that an omission of provision for some of his children in a father's will, was intentional; and evidence of his declarations is admissible upon the question.

A will contained this clause: "I give to my wife the use of the remainder of my property both real and personal during her natural life-time, and after her decease it is to be equally divided between my children; the real estate may be sold if thought advisable." *Held:* that the wife takes a life-interest in the realty, and that she may personally possess and control the same.

*Held further:* That the phrase, that the real estate may be sold if deemed advisable, is ineffective, inasmuch as no one is directed or empowered to convey the title; that the wife can sell her life-interest, and the heirs can sell their remainder.

A gift for life of perishable articles, the use of which consists in their consumption, amounts, *ex necessitate*, to an absolute gift of the property; but if the gift be of articles which may depreciate but not necessarily wear out, by using, a full title is not given, though usually the life-legatee will be entitled to the possesion of such articles without giving security for their preservation.

Where the use of money is given for life, without discretion given to consume any portion of the principal, the gift is of the interest only, and usually security must be given against loss, or a trustee be appointed of whom a bond will be required.

The general rules on the subject may be varied by a court of equity, as circumstances shall reasonably require.

On report.

Bill in equity by the widow of John Whittemore late of Temple, deceased, against the administrators, with the will annexed, and the heirs at law, to obtain a construction of the will.

*J. C. Holman*, for plaintiff.

By virtue of the authority laid down in the 6th Metc. 400, it is not necessary that it should appear by the will itself that an omission, (we claim there is no omission in this case however) was intentional, but it may be shown by parol evidence.

I would cite further the 123 Mass. 8; also cite the decision in

106 Mass. 320, as to the intention of testator to name all his children, and as competent to show that testator had declared he had prior thereto made provision for them, &c., 4 Allen, 512.

The decisions in 68 Maine, 100, also 68 Maine, 133, and the cases there cited show Mrs. Whittemore is clearly entitled to all the personal property, and can sell, deed and give a good conveyance of the real estate. The 69 Maine, 334, settles one branch of this case perfectly, and the 75 Maine, 196, settles the second branch of the case.

*S. Clifford Belcher*, for defendants.

The case of *Starr* v. *McEwan*, 69 Maine, 334, bears a resemblance to this case. In that case the testator does not as in this case, give the "use" of certain property to his widow, but gives the "property itself" "to her use during her natural life" with remainder over, &c. I am not clear that there is any real difference of meaning in these different phraseologies. If not, then the case cited may be a precedent to be, followed in this case. If so, then the opinion of the court as expressed in the last paragraph at the foot of page 335, may be adopted as the opinion in this case.

In doubtful cases arguments drawn from inconvenience are of great weight. Co. Litt. 97, 152, *Ib.* It seems to me that this is a case where the doctrine of the maxim of *argumentum ab inconvenienti* may properly be invoked.

PETERS, C. J. In this amicable proceeding to obtain a judicial construction of the will of John Whittemore, the first question encountered is one of fact, which is whether those of the testator's children who do not receive anything under the will were intentionally omitted or not. The depositions in the case establish beyond doubt that the omission was intentional, and founded on good reasons.

The question of law which attaches to this branch of the case is, whether such intention may be shown by evidence *aliunde* the will, in connection with the internal evidence exhibited by the will itself. We cannot doubt that parol or oral evidence is admissible for such purpose. The evidence does not contradict the will in

any way, but on the contrary confirms it. It relates to a point to be established under the statutes and not under the will. The section of the statute referred to, R. S., c. 74, § 9, declares that the will shall not be affected by the omission, if intentional, or if not occasioned by mistake, or if the omitted child had received a due proportion of the estate during the life of the testator. Surely, those matters are in most cases provable only by oral evidence. The authorities generally favor this exposition of the law, and it has been always practiced upon in this state, as far as we know, as an unquestioned principle. 1 Red. Wills, 298 ; Schoul. Wills, § 21 ; *Wilson* v. *Fosket*, 6 Metc. 400. The testator gave his reasons to his family for his intended action in that respect. Of course, if oral evidence be admissible, his own declarations may be proved. *Converse* v. *Wales*, 4 Allen, 512.

Differences exist among the parties as to the legal effect of the principal provision in the will, which is this : "I give to my wife the use of the remainder of my property both real and personal, during her natural lifetime, and after her decease it is to be equally divided between my children ; the real estate may be sold if thought advisable."

It is clear that the wife takes only a life-interest in the realty, for it is expressly so provided, with a gift over. Words would fail of all sensible meaning to determine otherwise. *Stuart* v. *Walker*, 72 Maine, 145, and cases there cited: *Copeland* v. *Barron*, *Id.* 206 ; the will in *Warren* v. *Webb*, 68 Maine, 133, a case relied on by the counsel for the widow in the present case, differs from this will, and that case stands well on the verge of the law in testamentary construction.

The meaning of the clause providing that "the real estate may be sold, if deemed advisable," is invoked by the bill. Probably the testator failed fully to express his idea. The words must be taken as they are. The land can be sold only by the persons to whom it belongs. No power of sale is conferred by the testator on the executor or any trustee. *Si voluit non dicit.* The life estate may be possessed and controlled by the wife, or she can sell it. It is her absolute property. And the reversion may be sold by the heirs. Or all interested parties can join in selling

the property, dividing the proceeds of sale according to their interests therein.

A gift of the use of personal property for a lifetime, with a gift over, as it is here, is to be regarded according to the nature of the property, and other circumstances. If of perishable articles, the use of which consists in their consumption, it amounts from necessity to an absolute gift of the property. If of articles which may depreciate by using, but which will not necessarily be consumed or worn out in that way, a full title thereto is not given; but the life-legatee, under ordinary circumstances and risks, is allowed to retain possession of the articles, without giving security for their preservation. Circumstances may, however, alter the case as to such property. Where the use of money is given, the gift is of the interest only, and as such property may be easily lost or wasted, the general rule is that the legatee must give some reasonable security to safely preserve the funds for the remainder-man, or the money may go into the hands of a trustee, of whom a bond would be required. And all these general rules are allowed to bend to the force of circumstances, and may vary, or be dispensed with even, according to amounts, situations, wants, and such probabilities and possibilities as a court of equity may deem proper to consider in deciding the question. See 1 Jar. Wills, (5th ed.) *879, and Bigelow's notes; and *Field* v. *Hitchcock*, 17 Pick. 182.

The counsel for the widow relies upon the case of *Starr* v. *McEwan*, 69 Maine, 334, in which the order was that the executor should pass personal property to the widow, the court remarking that its possession would be a matter between her and the remainder-man. That was all very true in that case, where the property was evidently small in value and was not money. Here the parties are all leaning upon the court for its advice, and the estate, outside of the realty, is money, amounting to eight hundred dollars. We think in this case the widow should give a bond, or a trustee should be appointed.

Or, what would possibly be a better disposition of so small a fund, the parties being all *sui juris*, they may, if they can agree, divide the funds, according to their respective interests therein.

But this, and other incidental matters may be best arranged by a single judge, after hearing the parties.

*Decree accordingly.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.