## Foley et al. v. Wynn et al.

(Decided Oct. 15, 1937.)

R. S. ROSE and JESSIE DOYLE for appellants.

POPE & UPTON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

### The Father's Estate.

William Carpenter, Sr., and Ollie Carpenter were husband and wife. She died intestate on October 30, 1926, and he died testate in April, 1932. A contest over his will reached this court and we disposed of it on January 26, 1934. See Carpenter v. Wynn, 252 Ky. 543, 67 S. W. (2d) 688.

### The Mother's Estate.

On September 6, 1934, Angeline Foley, Amanda Kerr, William Carpenter, Jr., and Jarvis Carpenter filed this suit against Alice Wynn in which they allege the death of Ollie Carpenter intestate and that she left the following children surviving her as her heirs at law: Angeline Foley, Amanda Kerr, William Carpenter, Jr., Jarvis Carpenter, Alice Wynn, and Elizabeth Partin. We know from the will contest she had had another daughter, a Mrs. Bennett, who had probably died before the old lady died.

These plaintiffs describe in their petition two tracts of land, one known as the Richard Lawson tract and the other as the Isom Lawson tract. These tracts of land they say were in 1888 bought and paid for with their mother's money and were conveyed to their father and their mother, and that thereafter the name of their mother was erased, so that from that time on their father claimed and apparently owned the whole of both of them. Their father, it appears, willed both these tracts to Alice Wynn, and in this suit Angeline Foley et al. sought to recover of Alice Wynn what they refer to as their mother's half of these two tracts. Both these deeds have been lost or destroyed, and all we know is what these interested parties testify as to what was said and done by their father and mother (both of whom then were dead), to which testimony appropriate exceptions were filed on September 30, 1935.

### The Amended Petition.

The plaintiffs perhaps realized the grave situation produced by the filing of these exceptions, so they amended their petition and alleged:

"That the money in the bank at the death of William Carpenter belonged to Ollie Carpenter not William Carpenter; that Ollie Carpenter's money was taken by William Carpenter and deposited in the bank in his own name without the consent and

against the will of Ollie Carpenter; that the real and personal property mentioned and described in the evidence in this case belongs to the plaintiffs."

The defendant amended her answer, and alleged that this was the same real and personal property devised by William Carpenter in his will, that it was involved in that will contest, and that no such claim as is now asserted was asserted then, and that after that will was finally established these plaintiffs accepted the devises made to them in that will and, having done so, are now estopped to claim against that will. This amended answer was never denied and the evidence sustains it.

### Our Conclusion.

Suppose it were shown the father had got from his wife, in 1888, the money with which he bought this land. That was before the passage of the Weissinger Act (Ky. Sts. sec. 2127 et seq.), and her money then belonged to him. See Hall's Adm'r v. Hall's Ex'r, 265 Ky. 528, 97 S. W. (2d) 23.

If the plaintiffs had had sufficient competent evidence to show the money their father had in the bank at his death belonged to their mother, which evidence they did not have, they cannot now, after participating in the division of it made pursuant to their father's will, be heard to claim it belonged not to him but to his wife, their mother. There certainly is nothing to show the chancellor erred in dismissing their petition and the amended petition.

Judgment affirmed.