IN RE ESTATE OF CHARLES FOGG.

No. 47332.

(Reported in 34 N. W. 2d 482)

NOVEMBER 16, 1948.

John Donahey, of Panora, for Caroline Fogg, appellant.

C. H. Taylor, of Guthrie Center, for Fred Cook, appellee.

OLIVER, J.—Charles Fogg died December 1, 1946. His will provided:

"ITEM 2. To my wife, Caroline Fogg, I give, devise, and bequeath the use of all my property, real and personal, during her lifetime. She to have right and privilege of carrying on and operating the garage, automobile, and farm machinery business the same as I have been doing. She to have full control of the same and that she shall not be required to make any report of the operation of said business to the Court.

"ITEM 3. To my son, Donald Fogg, I give, devise, and bequeath all of my property remaining at the death of my said wife, Caroline."

The wife was nominated executrix without bond. She qualified December 23. February 11, 1947 the executrix filed an application stating decedent had owned and operated the garage and auto sales business; that Fred Cook was the foreman and had supervised the shop for the past two years and that, subject to the approval of the court, she had made a sale to Cook of the equipment of decedent's garage. The items listed were office equipment, auto repair parts, garage tools and machinery, 1939 ambulance, 1937 hearse, and wrecker on 1934 Chevrolet. Executrix prayed an order authorizing and approving the proposed sale at the appraised price of $4708.82, to be paid $708.82 March 1, 1947, and the balance in $75 monthly payments beginning March 1, 1947, with interest on unpaid amounts at five per cent per annum. The proposed sale was not to pay debts and charges upon the estate. Apparently the widow believed she had the right to apply the payments of principal and interest to her support.

Testator's son filed objections to the sale, and trial was had May 17. The order of court (Judge EARL W. VINCENT)

made May 23, 1947 finds the executrix had the right to elect to sell this property; that part of it is of a perishable nature; that all of it would be likely to depreciate in value and that section 635.21, Code of Iowa, 1946, provides for directing the sale of such property; that it is objected the proposed sale would violate Code section 635.27, in that it is upon credit for more than twelve months, "and accordingly, in making a sale on credit, the executrix is limited to a twelve month credit period as provided in the above mentioned Code section." The "executrix is authorized and empowered" to sell said personal property at $4708.82, "and that said sale may be on partial credit of not to exceed twelve months * * *." The order finds the surviving spouse entitled to the income or interest from the money received from the sale of said personal property and the remainderman to the principal sum 'at the termination of the life estate of the surviving spouse. Accordingly, the order approves the application for the sale of said property, subject to said sale being for cash or upon partial credit of not to exceed twelve months.

November 13, 1947 Fred Cook filed application for order, reciting the application of the executrix to sell the parts, machinery and equipment of the garage, pursuant to a contract entered into between the executrix and Cook, "subject to the express approval of the court", and stating that after the entry of the order of May 23 he offered payment of the full consideration, has repeatedly offered it and has since been ready and able to pay it, but the executrix refused to furnish a bill of sale to the property or accept the purchase price; that subsequently and on or about June 2, 1947 he offered in writing to pay the executrix the full amount of the purchase price and at various times thereafter has repeated his offer, but the executrix refuses to accept said purchase price or to comply with the terms of the contract, as approved by the court; that the applicant has obligated himself to obtain funds with which to pay the executrix in full, has expanded and operated the garage business, and has been forced to operate without proper insurance and other items because of the refusal of the executrix to comply with the contract. The applicant prayed the executrix be required to accept the purchase price in full and deliver him a proper bill of sale to the property.

The executrix filed a motion to strike or dismiss the application. Fred Cook filed resistance to this motion and Donald Fogg, son of decedent, also filed a pleading against executrix entitled, "Resistance to Application for Cancellation of Contract." Trial to the court (Judge PHIL R. WILKINSON) resulted in a supplemental decree March 18, 1948, as follows:

"IT IS HEREBY ORDERED AND DECREED that the contract of sale of this property as originally approved by the court is hereby specifically approved as concerning the transfer of the following motor vehicles; one 1937 Henney-Packard hearse, Factory No. 120CA-799 Motor No. X-146580 and one 1934 Chevrolet truck, Factory No. 21PB12-1046, Motor No. 3971590; and that the said motor vehicles are hereby specifically ordered transferred by virtue of said contract to the said purchaser, Fred Cook."

From this supplemental decree Caroline Fogg, as executrix and in her individual capacity, has appealed.

Fred Cook had previously been in charge of the garage as foreman and supervisor and had continued in physical possession of the personal property here in question. Presumably on that account, the court did not deem it necessary that the executrix be ordered to do more than transfer these two vehicles to enable Cook to comply with the motor vehicle registration laws.

The supplemental decree states, "the contract of sale * *, * as originally approved by the court is hereby specifically approved * * *." However, we conclude the original (1947) order did not approve the contract of sale. The proposed contract of sale provided for payments over a term of five years. On the proposed contract more than $500 interest would have accrued. The court refused to approve it, stating Code section 635.27 limits partial credit to a period of twelve months. The original order merely authorized and empowered the executrix to sell the personal property at the stated price and for cash or upon partial credit of not to exceed twelve months as she might determine. It did not require her to sell it.

We do not imply sales of personal property by executors, administrators or trustees without express direction or approval

of court are for that reason invalid. See Flynn v. Chicago G. W. R. Co., 159 Iowa 571, 575, 141 N. W. 401, 45 L. R. A., N. S., 1098; Marshall County v. Hanna, 57 Iowa 372, 10 N. W. 745; 33 C. J. S. 1351, Executors and Administrators, section 305. But where a contract of sale is made subject to approval of court such approval is, of course, essential.

Hence, when the original order of court did not approve it, the tentative contract was of no effect. Had the executrix then attempted to require Cook to buy the property for cash or upon twelve months' partial credit his refusal to do so would not have constituted a breach of contract on his part. It is obvious his original tentative contract to buy the property on payments extending over a five-year period was not an agreement to buy it on different terms. Likewise, the offer of the executrix to sell it upon terms which would yield her more than $500 in interest was not an offer to sell it for cash or upon different terms.

The effect of the supplemental decree was to require the executrix to dispose of the personal property upon terms fixed by the buyer. Had the purpose of the sale been to pay debts or charges upon the estate the order probably would have been proper. But here the purpose was to provide income for the widow who was also the executrix. The will gave to her the use of testator's property for life with the right to operate the business without report to the court, and at her death his "property remaining" to his son. It is unnecessary to determine the precise estate the widow took in testator's personal property in general. See Iowa City State Bank v. Pritchard, 199 Iowa 676, 202 N. W. 512; Benham v. Turkle, 173 Iowa 598, 153 N. W. 1017; Webb v. Webb, 130 Iowa 457, 104 N. W. 438; Southwick v. Southwick, 184 Iowa 336, 168 N. W. 807.

Assuming, without deciding, that she took merely a life estate, it is clear the two motor vehicles listed in the supplemental order, as well as the garage tools and machinery and office equipment, would deteriorate from age and use. Most authorities hold the life tenant is not answerable to the remainderman for the deterioration of property of this nature resulting from age and reasonable usage. Scott v. Scott, 137 Iowa 239, 242, 114 N. W. 881, 23 L. R. A., N. S., 716, 126 Am.

St. Rep. 277; 31 C. J. S. 160, Estates, section 135; 33 Am. Jur. 720, Life Estates, section 234; Whittemore v. Russell, 80 Maine 297, 14 A. 197, 6 Am. St. Rep. 200; note in 16 L. R. A., N. S., 486; annotations in 77 A. L. R. 759, 109 A. L. R. 235. Moreover, the will in this case expressly authorized the widow to carry on the garage and automobile business without reporting the operation to the court. This shows testator did not require that this personal property be sold but expected it would be used and hence would deteriorate during the life of his widow.

She was not required by law or the original order of court to convert the deteriorating property into money or securities and she never had a binding contract of sale with Cook. Hence, the supplemental decree requiring her to make the transfer was erroneous.

There is some contention the executrix was estopped by her conduct to refuse to transfer the property. This appears to be based largely upon the premise the tentative contract was approved by the original order of the court. We have already pointed out the contract was not approved. Cook does not assert he made any payment to executrix either before or after the original order of court. He pleads that at all times after the order she refused his offers and tenders and refused to transfer the property. We are satisfied no estoppel was shown.— Reversed.

All Justices concur.