536 P.2d 1138 (1975)
Karim AWEIDA and Georgette Aweida, Plaintiffs-Appellants,
v.
Kenneth KIENTZ, d/b/a Twenty-Eighth Street Shamrock, and Big "O" Tire Sales, Inc., Defendants, and
Mac Oil, Inc., Defendant-Appellee.
No. 74-270.
Colorado Court of Appeals, Div. III.
April 15, 1975.
Rehearing Denied May 6, 1975.
Certiorari Denied July 14, 1975.
*1139 Roger E. Stevens, P.C., Harriet Templer Moskovit, Roger E. Stevens, Boulder, for plaintiffs-appellants.
Yegge, Hall & Evans, John R. Trigg, Denver, for defendant-appellee.
Not Selected for Official Publication.
RULAND, Judge.
In an action to recover damages for personal injuries, plaintiffs appeal from a summary judgment entered in favor of defendant, Mac Oil, Inc. We affirm in part and reverse in part.
At all times material hereto, defendant Kenneth Kientz, d/b/a Twenty-Eighth Street Shamrock, operated a service station in Boulder, Colorado. The land and buildings comprising the station were owned by Diamond Shamrock Corporation and leased to Mac Oil. Mac Oil executed a written agreement with Kientz covering operation of the station.
Kientz sold and mounted two recapped snow tires on plaintiffs' station wagon. While plaintiff Karim Aweida was driving the vehicle, one of the snow tires allegedly ruptured causing the station wagon to roll with the result that plaintiff Georgette Aweida received serious injuries.
Plaintiffs filed the present action asserting claims for negligence, breach of warranty, and strict liability against Kientz and against Mac Oil alleging that Kientz was an agent of Mac Oil and that Mac Oil was liable for the acts of its agent Kientz pursuant to the doctrine of respondeat superior. Plaintiffs also claimed damages from Big "O" Tire Sales, Inc., on the theories of negligence, breach of warranty, and strict liability alleging that Big "O" recapped and sold the tire to Mac Oil and Kientz prior to the resale to plaintiffs. All defendants answered denying liability, asserting various affirmative defenses, and then Mac Oil filed its motion for summary judgment which the trial court granted. *1140 Pursuant to C.R.C.P. 54(b), the trial court also entered a final judgment for the purposes of appeal.
In conjunction with the motion for summary judgment, the trial court considered the depositions of plaintiff Karim Aweida, Kientz, an affidavit of the president of Mac Oil, the written lease between Diamond Shamrock Corporation and Mac Oil, and the agreement between Mac Oil and Kientz relative to operation of the station, which are referred to herein collectively as the "documents."
The documents disclose the following undisputed facts. The snow tire which was installed on plaintiffs' vehicle was purchased by Kientz from defendant Big "O" Tire Sales, Inc. However, plaintiffs utilized a charge card to make the purchase, and the sales form supplied by Kientz for use in conjunction with the charge cards bears a printed statement that the goods covered by the form were "sold by Mac Oil." According to Kientz, credit purchases made on charge cards were all forwarded to Mac Oil to apply on Kientz's account with that company.
Mac Oil is a fuel distributor, but it also sells automobile accessories including tires. The relevant provisions of the agreement between Mac Oil and Kientz may be summarized as follows.
Mac Oil agreed to supply fuel to Kientz on consignment for retail sale on a commission basis. Kientz was not allowed to sell any fuel other than that supplied by Mac Oil. Title to all fuel was retained by Mac Oil and passed directly to the customers of Kientz, and the sales price therefor was subject to Mac Oil's "exclusive control." In addition, Kientz was required daily to provide Mac Oil with a detailed account of all fuel sales, and Kientz was obligated to transmit all proceeds therefrom to Mac Oil. Kientz was not allowed to accept personal checks for the fuel unless the customers had been approved in advance by Mac Oil, and Mac Oil reserved the right to erect and maintain any signs on the premises it deemed necessary to advertise its products.
The agreement provided that Kientz had "entire charge of the management and operation of his business" on the premises and Kientz was obligated to pay all expenses therefor. Further, the agreement stated that Mac Oil reserved no right of supervision and control over Kientz or the facilities, employees, and methods used in carrying out the agreement and that it would not be responsible for the negligence of Kientz or his employees. Also, Kientz was obligated to carry his own workmen's compensation and liability insurance, and the agreement specifically provided that neither Kientz nor any of his employees would be deemed the employees of Mac Oil within the meaning of the workmen's compensation act. However, Kientz was obligated to have his employees wear a uniform prescribed by Mac Oil, maintain the premises in "good order," and keep the station open for sale of fuel for at least the period of 6:30 a.m. to 9 p.m. each day. Finally, Mac Oil reserved the right upon one day's written notice to terminate the agreement.
Kientz testified in his deposition that the written agreement was limited to fuel because all other merchandise in the station was owned by him and he had no obligation to clear with Mac Oil the purchase and resale of any products except fuel. While it appears that the tire in controversy was purchased from Big "O," in addition to fuel Kientz did in fact purchase automotive accessories from Mac Oil.
Until this litigation ensued following plaintiffs' accident, plaintiffs were unaware that Kientz had any connection whatsoever with Mac Oil.
In ruling on the motion for summary judgment, the trial court concluded that the relationship between Mac Oil and *1141 Kientz was that of landlord and tenant and not principal and agent, and that Kientz had no apparent authority to act on behalf of Mac Oil. Thus, it determined that the doctrine of respondeat superior did not apply with the result that all claims against Mac Oil were dismissed.
Plaintiffs contend that the trial court erred in dismissing their claim against Mac Oil urging that there is a disputed issue of fact as to whether Mac Oil had the right to control the activities of Kientz to the extent that Kientz became the agent of Mac Oil. Mac Oil answers that the facts developed from the documents are not disputed, and that, therefore, it was proper for the trial court to enter summary judgment.
The parties agree that the test of whether an agency relationship existed here which was of such a nature as to render Mac Oil liable for the acts of Kientz depends on whether Mac Oil had the right to control the conduct of Kientz in conjunction with his operation of the station. See Restatement (Second) of Agency § 2; see also Colorado Jury Instructions 7:7. Mac Oil also concedes that the provisions of the agreement disclaiming control over operation of the station are not controlling but that the relationship of the parties must be determined based not only on the language of the contract but on the nature of the business conducted, the manner in which it was conducted, and other factors. See, e. g., Burriss v. Texaco, Inc., 361 F.2d 169 (4th Cir.); Chevron Oil Co. v. Sutton, 85 N.M. 679, 515 P.2d 1283.
The issue then is whether entry of summary judgment is proper in this case because the factual material contained in the documents is not disputed. We think not. The rule applicable to a case of this nature is stated in O'Herron v. State Farm Mutual Automobile Insurance Co., 156 Colo. 164, 397 P.2d 227, as follows:
"That pleadings, depositions, admissions or affidavits contain undisputed matter and can be taken as true is not decisive of the question of whether there is a genuine issue of any material fact. `An issue of fact may arise from countervailing inferences which are permissible from evidence accepted as true.' . . .
"Where the undisputed evidence permits of offsetting inferences, the party against whom a motion for summary judgment is made `is entitled to all favorable inferences which may be reasonably drawn from the evidence and if when so viewed reasonable men might reach different conclusions the motion should be denied.'" (emphasis supplied)
Viewing the inferences from the documents in a light most favorable to plaintiffs, it may be reasoned that even though the stringent provisions of the contract which governed Kientz's operation were limited to the handling and sale of fuel, sale of fuel is an essential ingredient to the success of a service station, and that thus control over that element of the business represented control of the business in toto. Furthermore, since Kientz's occupancy of the station could be terminated by Mac Oil for any reason under the one-day termination provision, Mac Oil, in effect, had the right to control all of the activities of Kientz so as to make him an agent. Moreover, since all credit charges for fuel or other products sold by Kientz were applied on Kientz's account with Mac Oil and since the sales form used in plaintiffs' purchases recited that the tires were "sold by Mac Oil Company," it may be inferred that Mac Oil exercised sufficient control over Kientz to make him an agent. Other inferences may be drawn from the documents which would support the opposite conclusion. Hence, entry of summary judgment was improper.
Additionally, plaintiffs contend that the trial court erred in dismissing their claims against Mac Oil because they allege there *1142 is a disputed issue of fact as to whether Mac Oil "clothed" Kientz with apparent authority as its agent. We find no error in that ruling.
In order to establish that Kientz had apparent authority, it must appear, inter alia, that Mac Oil by words or conduct caused plaintiffs reasonably to believe that Kientz had authority to act on its behalf. See Restatement (Second) of Agency § 8; see also Colorado Jury Instructions 7:14. Here plaintiff Karim Aweida acknowledged in his deposition that he had never heard of Mac Oil before the accident. This statement in and of itself supports the trial court's judgment of dismissal as to plaintiffs' claims based on apparent authority.
Mac Oil's motion for summary judgment and the trial court's ruling thereon was predicated upon the proposition that the relationship between the parties was that of landlord and tenant only. Hence, the trial court has not considered and we express no opinion on the issue of the scope of authority existing under any agency relationship between the parties, or whether the agency relationship, if any, was such as to render Mac Oil liable for breach of warranty, or under the doctrine of strict liability.
The judgment is affirmed as to the dismissal of plaintiffs' complaint against Mac Oil based on the theory of apparent authority. The judgment is reversed as to plaintiffs' claim against Mac Oil based upon the theory of agency in fact. The cause is remanded with directions to reinstate plaintiffs' complaint based on the theory of agency in fact and for further proceedings not inconsistent with the views herein expressed.
Judgment affirmed in part, reversed in part, and cause remanded with directions.
SMITH and STERNBERG, JJ., concur.