**In re the MARRIAGE OF Jo Delaine VOLOSHIN, Appellee and Cross-Appellant,**

**and**

**Peter Charles Voloshin, Appellant and Cross-Appellee.**

**No. 81CA0370.**

Colorado Court of Appeals, Div. III.

June 17, 1982.

Rehearings Denied Aug. 12, 1982.

Worth F. Shrimpton, Craig, for appellee and cross-appellant.

Norton Frickey and Associates, Dan W. Corson, Denver, for appellant and cross-appellee.

KIRSHBAUM, Judge.

This case has been appealed twice before to this court. *In re Marriage of Voloshin* (Colo.App. No. 77–879, August 24, 1978) (not selected for official publication); *In re Marriage of Voloshin,* 536 P.2d 1142 (Colo. App.1975) (not selected for official publication).

The following facts are relevant to this appeal. The parties were married on August 26, 1961. They separated on June 7, 1972, and wife filed a petition for dissolution of marriage on October 3, 1972.

In 1946, husband and his brother Joe became equal partners in a livestock business. Prior to 1961, husband had acquired 410 acres of land, which was part of a 1,782 acre parcel known as "the Home Place." On May 10, 1961, three months before husband's marriage to wife, the brothers purchased livestock, equipment, and the balance of the Home Place property from their parents for $70,000, payable in installments. In 1970, the partnership purchased another parcel of land referred to as the Morton Ranch.

On April 30, 1972, the brothers agreed to divide the partnership property between them. Pursuant to this agreement, husband was to acquire the balance of the Home Place property, certain livestock, and some farm equipment.

On August 21, 1972, husband entered into a written agreement with another brother, Mike. This agreement provided that Mike acquired a life estate in husband's real and personal property. Thus, at the time of the dissolution of marriage proceeding, husband owned only a reversionary interest in this property.[1]

Pursuant to our last remand, the trial court determined that prior to 1961 husband owned as separate property 410 acres of real estate; that the value of husband's reversionary interest in certain personal property is $13,995.92; and that, based on a

---

1. Although the parties here are not consistent in their description of the nature of the interest created by the August 21, 1972 agreement, we conclude that husband and his brother intended to create a reversionary interest in husband. No remainder interest was mentioned or anticipated in the agreement. The inconsistency is not material with respect to the outcome of this case.

new property division, wife is entitled to $40,000, payable by husband in ten equal annual installments commencing February 1, 1980. We affirm the finding respecting the value of husband's personal property. However, we conclude that the trial court erroneously computed the value of the marital real property.

## I.

Husband asserts that the trial court should have subtracted the value of the remainder interest in the 410 acres from the value of husband's remainder interest as a whole. We agree, with the qualification that what husband refers to as a "remainder" interest is in fact a reversionary interest.

■ It is undisputed that husband's interest encompasses the 1,782 acres of property known as the Home Place. The trial court's finding that the value of husband's reversionary interest in the entire Home Place is $73,342 is not disputed on appeal. Husband's reversionary interest in 410 acres of the Home Place property is his separate property, and is distinct from his reversionary interest in the remaining 1,372 acres, which is marital property. Hence, the value of husband's reversionary interest in such 410 acres must be subtracted from $73,342 to establish the value of husband's reversionary interest in that portion of the Home Place which is marital property. The trial court erroneously subtracted $45,100— the entire value of the 410 acres—to establish the value of husband's reversionary interest.

■ The record before us contains all the relevant evidence respecting the value of the reversionary interest; hence, we may make the proper computations. *See McClellan v. Morris,* 71 Colo. 304, 206 P. 575 (1922). The sole expert witness in this case applied the present worth factor of .3118 in calculating the value of husband's reversionary interests. The trial court determined that the value of the 410-acre parcel equals $45,100. Hence, the value of husband's reversionary interest in the 410 acres is $14,062.18, and the value of husband's reversionary interest in that portion of the Home Place which is marital property is $59,279.82 ($73,342 - $14,062.18).

## II.

■ Husband also contends that the trial court erroneously increased the value of his reversionary interest in the marital real property by $35,000. We agree.

When calculating the value of husband's property interest in its original decree, the trial court had subtracted the sum of $35,-000 from the actual value of such property. The $35,000 sum represented one-half of the purchase price paid by the partnership for the Home Place. In calculating the value of marital property on remand, the trial court here, assuming that its original arithmetical process remained operative, added the sum of $35,000 to the amount found to represent the value of husband's interest in the marital real property. This assumption is erroneous. The trial court's original property division was reversed in 1975. *In re Marriage of Voloshin,* 536 P.2d 1142, *supra.* At the time of the remand hearing here, the calculation of the value of husband's reversionary interests in the marital real property was not related to the calculations used in the original hearings. Hence, the addition of a $35,000 sum to the ascertained value of husband's interest in the marital real property was error.

## III.

■ Husband next contends that the trial court erroneously valued his reversionary interest in personal property. Husband argues that because the subject personal property consists of consumable and deteriorating property, such as livestock and farm machinery, his brother Mike, the life tenant, took the property absolutely as a matter of law, and husband's future interest is void. Accordingly, husband asserts that instead of $13,995.92, the value of his reversionary interest in the personal property is zero. We disagree.

Husband relies on the common law rule, recognized in some jurisdictions, that in construing the terms of a will, a gift or bequest of a life estate with a remainder

over in perishable personal property, the use of which consists in its consumption, conveys absolute title to the life tenant as a matter of law. *See, e.g., Schowalter v. Schowalter,* 217 Ala. 418, 116 So. 116 (1928); *Hall's Adm'r v. Hall's Ex'r,* 265 Ky. 528, 97 S.W.2d 23 (1936); *Innes v. Potter,* 130 Minn. 320, 153 N.W. 604 (1915); *Williard v. Weavil,* 222 N.C. 492, 23 S.E.2d 890 (1943). Many courts have retreated from this rule, holding that the language of the will controls, *In re Estate of Fogg,* 239 Iowa 1217, 34 N.W.2d 482 (1948), or that the nature of the property and surrounding circumstances are determinative. *Whittemore v. Russell,* 80 Me. 297, 14 A. 197 (1888). One court has rejected the common law rule. *Maulding v. Scott,* 13 Ark. 88 (1852).

While we recognize that the doctrine of reversion has been extended generally to transfers of personal property, *see generally Beach v. Busey,* 156 F.2d 496 (6th Cir. 1946), *cert. denied,* 329 U.S. 802, 67 S.Ct. 493, 91 L.Ed. 685 (1947); Annot., 125 A.L.R. 548, *supplemented by* Annot., 16 A.L.R.2d 691, we conclude that the agreement between husband and his brother establishes that the brother was not intended to take and has not taken absolute title to the personal property.

Paragraph number 2 of the agreement provides:

"THAT, such life estate in the personal property shall carry with it the right to sell or mortgage the personal property involved, however, upon such sale the same shall be replaced with like property, either in terms of use or age. Insofar as livestock is concerned, it is understood that in the usual course of business stock will be sold however the net effect of the operations of Mike Voloshin is intended to be such that at the termination of such life estate substantially equivalent numbers and quality of livestock will remain."

Paragraph number 3 provides, in pertinent part:

"THAT, in the event of the voluntary termination of the ranching operations of Mike Voloshin prior to the end of his life, the parties hereto, or the heirs, executors or administrators of Charles Voloshin [husband] will attempt to agree on the division of the proceeds of the sale of the personal property involved so that neither will be unjustly enriched at the expense of the other."

These contract provisions establish the parties' recognition of a continuing existence and value of husband's reversionary interest in the personal property. We therefore reject husband's argument that his brother is the owner in fee of the personal property and that, therefore, husband's interest in the property is valueless.

## IV.

On cross-appeal, wife contends that the trial court erroneously determined that the life estate transaction between husband and his brother Mike was not fraudulent. It is wife's position that this transaction was a sham; that it was intended to reduce substantially the value of the marital estate; and that the trial court should have disregarded it in equitably dividing the marital property.

In essence, wife disputes factual findings made by the trial court. The record contains evidence which supports those findings; hence, we will not disturb them on appeal. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970); *J.I. Case Threshing Machine Co. v. Packer,* 81 Colo. 195, 254 P. 779 (1927). We find no error in the trial court's conclusion that the transaction was not fraudulent.

The judgment is affirmed with respect to the valuation of husband's interest in the personalty. The judgment is reversed with respect to the evaluation of husband's interest in the marital real property. Because the trial court erred in computing the value of the marital real property, the case is remanded to the trial court with directions that it enter a new property division order based on the proper valuation of the husband's interest in the marital real property, as determined by this opinion.

SMITH and KELLY, JJ., concur.