JUDGE ROBERTSON
delivered the opinion oe the court :
The appellant intermarried with the appellee, George W. Beazley, when she was only sixteen years of age and he nineteen. His whole estate was not quite $800, all in the hands of his guardian, Arnold; and her’s was about $4,000, consisting of a slave and of about $2,200 in the hands of the appellees, Terril and Read, as her portion of the proceeds of a tract of land devised to them for sale and distribution among her sisters and herself by her grandfather, Moses Collier, whose will appointed them executors and Terril her trustee; and also of $1,224 94 in the hands of the said Arnold, as her statutory guardian also. Her husband held the bond of Blevins for the conveyance of one hundred and twenty *535 acres of land, on the payment of $4,000, of which he paid the amount of his fund in his guardian’s hands, and her guardian paid to Blevins the said sum of $1,224 94 in his hands, as her money. After her husband became twenty-one years old the executors paid to him her fund in their hands, with which he discharged his debt to Blevins, and immediately exchanging the said one hundred and twenty acres with his uncle, the appellee, Harris, for another tract, procured a conveyance from Blevins of the tract of one hundred and twenty acres to Harris, and shortly afterwards sold the tract so obtained from Harris, disposed of the proceeds, and became apparently insolvent.
The appellant brought this suit in equity for restitution from Terril, as her trustee, or from him and Read as co-executors of her father’s will, and also for subjecting the land conveyed to Harris to the restitution of the $1,224 94 paid for it to Blevins by her guardian. And to reverse the judgment dismissing her petition she prosecutes this appeal.
We need not decide whether, as ably urged by her counsel, her child or children, if she should die leaving any, would, by an implied legacy in ■ remainder, be entitled to her portion of the proceeds of the land; for however this might be, we could not decide that the testamentary trust made it the duty of Terril to hold the principal fund until her death; but would feel bound to decide that, if paid to her husband in good faith, without any notice or presumption of her non-concurrence, he should not be held responsible to her for it; and there being no proof of any such infidelity, we must adjudge that her petition as against Terril and Read was properly dismissed.
And that fund, thus lawfully paid to her husband, vested absolutely in him, and cannot be now reclaimed. *536 But as to the money paid to Blevins by her guardian, a different conclusion is authorized by the law and the facts of the case. The appellant and her husband both being then minors, her guardian had no authority to divest her of her right by paying her money to Blevins, and her husband did not thereby acquire an absolute title to the money; consequently, she had an equitable right to hold, as security for it, his equitable title to the land in which it was vested. The money never having passed rightfully or absolutely to her husband, she had an unquestionable right in equity still to save it for her own use, and its investment in her husband’s equity in the land did not divest her of that right which inhered in that equitable title to the land as a lien pro tanto. Clancy, in treating that subject, says (page 476): “ The equity of the wife attaches upon the property itself, and will adhere to it in all its changes-,'1'1 and that principle is recognized by a multitude of concurrent adjudications in England and America.
That quasi lien was not divested by the conveyance by Blevins of the legal title to Harris. Were it admitted that a bona fide purchase without notice might protect him, which we do not decide, still, if he acquired the title with a knowledge, actual or constructive, of her equity, he must hold it subject to that encumbrance; and, on a survey of all the facts and circumstances, we are of the opinion that the whole transaction between him and Beazley was a collusion for the purpose of defeating the appellant’s equity, and that Harris knew that Beazley, his nephew, whom he adjoined in residence, was unable to pay for the land, and that her money was appropriated to the payment of the most of the price. Without unnecessarily commenting on the various facts sufficiently *537 conducing to this conclusion, this court being satisfied, so adjudges.
According to this view of the case, the appellee, Harris, holds the land conveyed to him by Blevins subject to a lien for the restitution of the $1,224 94 of the appellant’s money, which her guardian vested in it, with her consent, when she was both an infant and married woman, and moreover might, if she could have bound herself, be presumed to have consented to the appropriation on the security of the resulting lien, preferring that to the money itself. But as she enjoyed the fruits of the investment, which may be presumed' equivalent to the use of the money, and as also Harris probably had no cause to apprehend that she would ever assert a lien, we adjudge that she is not equitably entitled to interest. The circuit court, therefore, erred in dismissing the petition as against Harris, but ought to have adjudged against him a restitution to the appellant of the $1,224 94, without interest, to be enforced, if necessary, by a sale of the land conveyed to him by Blevins.
Wherefore, the judgment, so far as Harris is concerned, is reversed, and the cause remanded for proper proceedings and decree conformably with this opinion, and for securing the amount recovered by the appellant to her separate use by reinvestment or in some other safe mode.