## Mouser v. Nunn, et al.

(Decided March 9, 1911.)

## Appeal from Metcalfe Circuit Court.

1. Guardian and Ward—Action Against Heirs at Law of Guardian— Date Limitation Must be Computed From.—In an action against the heirs at law of a guardian to recover on a settlement as guardian, limitation must be computed from the date at which money came into the guardian's hands, and more than thirty-two years having elapsed from that date until suit was brought, the action was properly dismissed.

2. Same—Husband of Ward—Marriage of Ward—Right of Action of Husband against Guardian.—Under the statute in force at the time of the marriage of the ward (1875), she was entitled to demand a settlement on the part of her guardian, and her husband had a right of action against the guardian, and limitation ran against him from the date of that settlement.

J. W. COMPTON for appellant.

BAIRD & RICHARDSON and J. W. KINNAIRD for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

P. J. Nunn was appointed guardian of Nancy T. Landon in February, 1869. He made four settlements as such, the last on March 30, 1875. His ward, while under fourteen years of age, married one D. A. Mouser in 1873. P. J. Nunn died in 1906, and in September, 1907, Nancy T. Mouser brought suit against his heirs-at-law to recover of them the sum of $376.75 (this being the amount shown to be due her by the settlement of March 30, 1875), with interest to date. The answer contained, besides a traverse, a plea of payment and also a plea of the statute of limitation. On these issues proof was taken and the case submitted for judgment. The chancellor was of opinion that the plaintiff was not entitled to the relief sought, and dismissed her petition. She appeals.

According to the pleadings, no money came to the guardian's hands after June 18, 1875, and limitation must be computed from that date. So that more than thirty-two years have elapsed before suit was brought. To avoid the operation of the statute it is pleaded that appellant was a married woman in 1875, and had been such at all times thereafter up to the date of the filing of her suit. Under the statute then in force, General Statutes, section 12, article 1, chapter 48, upon her marriage she

was entitled to demand a settlement on the part of her guardian, and upon such settlement her husband was entitled to demand and receive the money due her. Beaxley v. Harris, 1 Bush, 533; Brown v. Adkinson, 22 Rep., 649; Hargis v. Sewell's Admr, 87 Ky., 63. Her husband had a right of action against the guardian, and the limitation ran against him from the date of that setlement.

This identical question was decided in Hargis v. Sewell's Admr, in which, in disposing of a question in many respects similar to that under consideration. This court said:

"The husband, in right of the wife, or in his own right, could have settled, receipted for and collected this money at any time after the settlement. He was entitled to this fund by reason of the marriage, and the statute began to run as soon as this settlement took place."

In that case, at the time the settlement took place, the beneficiary was married, and yet the court held that, inasmuch as her husband was entitled to this money, she could not avoid the effect of the plea of the statute of limitations by reason of her coverture.

In the case under consideration the parties lived in the same neighborhood. Appellant seeks to account for her failure to sue by pleading that she did not know, and could not, by the exercise of reasonable diligence, have discovered sooner than she did that her guardian was indebted to her. This plea is of no avail, for the statute which permits a recovery on the ground of fraud or mistake expressly provides that no suit for relief for fraud or mistake shall be prosecuted after the lapse of ten years from the time the fraud was perpetrated or the mistake made. Kentucky Statutes, section 2519.

We are of opinion, however, that appellees are not driven to shelter under the plea of the statute of limitation and in this way to seek to relieve themselves of liability, for in support of their plea of payment they filed a number of receipts, signed by appellant and her husband; and one, dated August 23, 1875, signed by her husband alone, which is in words and figures as follows:

"I hereby acknowledge receipt of all moneys that have ever been due from J. P. Nunn to me or my wife upon claims which he had in his hands as guardian of Nancy T. Landon who is my wife. August 23, 1875."

The signature to this receipt is attested by John U. Young, who, at the date of the trial, was still living. No effort was made either to impeach the genuineness of the

signature of appellant's husband, or to show that the receipt was other than what it purported to be. It is immaterial that appellant was not advised that her husband had receipted to her guardian for all moneys due her. This he had a perfect right to do without her knowledge or consent, and the guardian had a legal right to pay over to her husband any money that was due her. Having done so, the guardian is exonerated from further liability to his ward.

We are of the opinion that the plea of the statute was well taken, and the proof in the case abundantly supports the defense of payment. The chancellor correctly held that the claim was barren of equities, and his judgment dismissing the suit is affirmed.