## Covington, et al. v. Beck, et al.

(Decided March 22, 1927.)

### Appeal from Warren Circuit Court.

1. Bastards.—Where father recognized daughter as his child, question whether she was born before father's marriage to mother is immaterial, in view of Ky. Stats., section 1398, providing that

child born before marriage shall be deemed legitimate if recognized.

2. Descent and Distribution.—Where decedent left no issue, and full brother and half-sister surviving as her only heirs, brother is entitled to two-thirds of her property under Ky. Stats., section 1395, providing that collaterals of half blood shall inherit only half as much as those of whole blood.

W. B. GAINES and W. O. RODES for appellants.

MANSFIELD & MANSFIELD for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing

Appellees, Jennie Beck and Jack Beck, husband and wife, instituted this equitable action in the Warren circuit court, alleging that she and the appellants, Tom Covington and Mary F. Covington, were the joint owners of a particularly described thirty-acre tract of land in Warren county, Kentucky which they sought to have sold under the provisions of section 490, of our Civil Code of Practice, upon the theory that it could not be divided without materially impairing its value and the value of the various shares. Appellees claimed that Jennie Beck owned an undivided one-half interest in the land and that appellants jointly owned the other undivided one-half interest therein. By answer the appellants denied that appellees owned any interest in the tract of land in question, and resisted their right to have it sold. The chancellor concluded that appellees were entitled to the relief sought, and adjudged that the land be sold and that appellee, Jennie Beck, be paid one-half of its proceeds and appellants one-half thereof.

The tract of land, the subject of the controversy herein, was devised by Solomon Hines to his daughter, Emeline Jones. She died after taking under the will without issue. The tract of land descended to her collateral kin. Appellee, Jennie Beck, claims to be a sister of Emeline Jones. It is conceded that when she died Emeline Jones was survived by a full brother, Benjamin Hines, and that after her death he conveyed to appellants all of the right, title and interest in the thirty-acre tract of land acquired by inheritance from his sister. They claim that appellee, Jennie Beck, was not a sister of Emeline Jones, and that Benjamin Hines, from whom they purchased, was her sole surviving heir. It is agreed

that all of Emeline Jones' other brothers and sisters died before she did without issue.

The parties hereto and the witnesses who have testified are negroes, and the record presents considerable confusion on the issue of fact made between the parties. To establish that appellee, Jennie Beck, is the daughter of Solomon Hines and a sister of Emeline Jones, the testimony for her was directed largely to establish the fact that she was born after Solomon Hines' second marriage and as a result of his marriage to Jane Blakey. That such was the fact seems to be conclusively refuted by record evidence on file herein. The marriage record of Solomon Hines and Jane Blakey is in evidence, and it establishes that they were married on the 8th day of March, 1873. The marriage record of appellees, Jack Beck and Jennie Beck, is also in evidence, and it establishes that they were married on April 7, 1881. The date of these two marriages so established seems conclusively to establish that appellee, Jennie Beck was not born to Solomon Hines and his second wife, Jane Blakey, after their marriage, because if that be true she would have been less than eight years of age when, according to her marriage record, she was married to her husband, Jack Beck. It is conceded by appellees that when Solomon Hines and Jane Blakey were married the latter was the mother of two children, Aggie and Belle. It is conceded further that Emeline Jones, from whom appellee, Jennie Beck, insists she inherited the one-half interest in the thirty-acre tract of land was the daughter of Solomon Hines and his first wife, and that Benjamin Hines, from whom appellants purchased and under whom they claim, was a son of Solomon Hines by his first wife, and that, therefore, Emeline Jones and Benjamin Hines were full brother and sister.

Although the evidence herein seems conclusively to establish that appellee, Jennie Beck, was not born to Solomon Hines and his second wife, Jane Blakey, after their marriage the record does seem conclusively to establish that she was the daughter of Solomon Hines, and that he recognized her as such throughout his life, especially after his marriage to Jane Blakey. She thereafter appears to have lived in the home with them and to have been recognized by Solomon Hines as his daughter. That fact is not only abundantly established by the parol evidence herein, but also by his will, in evidence herein, by which Solomon Hines appears to have devised

certain real estate to "my beloved daughter, Jennie Beck, wife of Jack Beck." His will also clearly draws the distinction that he made between this child of his second wife and her two other children when, by the seventh clause thereof, testator used this language: "I desire to say that for my stepchildren, Aggie and Belle, I have done as much as I was able and have now nothing further to give them."

Section 1398, Kentucky Statutes, provides:

"If a man having had a child by a woman shall afterwards marry her, such child or its descendants, if recognized by him before or after marriage, shall be deemed legitimate."

By virtue of the provisions of this statute and under the facts appearing, unquestionably the marriage of Solomon Hines to Jane Blakey legitimatized the child born to her by him before their marriage, so that the question whether appellee, Jennie Beck, was born before or after the marriage of Solomon Hines to Jane Blakey would seem to play no part. She is to be regarded as the legitimate child of Solomon Hines in either event, and the chancellor properly so concluded.

The judgment herein, however, is erroneous in this particular: Emeline Jones and Benjamin Hines were children of Solomon Hines by his first wife, and consequently were full brother and sister, while appellee, Jennie Beck, was a daughter of Solomon Hines by his second wife, Jane Blakey, and consequently was only a half sister of Emeline Jones. When the latter died leaving no issue surviving her and a full brother and a half-sister surviving her as her only heirs at law, the descent of her property to them, consisting of the thirty-acre tract of land in issue, is regulated by section 1395, Kentucky Statutes, reading:

"Collaterals of the half blood shall inherit only half as much as those of the whole blood, or as ascending kindred, when they take with either."

The chancellor adjudged that appellee, Jennie Beck, inherited an undivided one-half interest in the thirty-acre tract of land. In view of the provisions of the section of our statues last quoted above this was erroneous. The full brother, Benjamin Hines, inherited two-thirds and the half sister, Jennie Beck, inherited one-third of the

tract of land in question from Emeline Jones. Appellants, Tom and Mary F. Covington, by their deed from Benjamin Hines, acquired the interest that he so inherited. The record established that the tract of land in question can not be divided without materially impairing its value and the value of the various shares therein. The judgment of sale will, therefore, not be disturbed, but the judgment decreeing that appellee, Jennie Beck, is entitled to be paid one-half of its proceeds when sold is erroneous. She should have been adjudged to receive only one-third of the proceeds of the land sold.

Reversed and remanded, with directions that judgment in conformity herewith be entered.