## Philpot's Ex'x v. Boyd et al.

(Decided Oct. 18, 1938.)

H. L. BRYANT for appellant.

JEFFRIES & BLACKBURN for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is an action to surcharge a guardian's settlement.

E. Philpot qualified in the Bell county court as guardian of Earl Boyd December 9, 1919, and executed bond in the penal sum of $600 with James Howard as surety thereon. Earl Boyd was born March 21, 1906, and, consequently, was 13 years of age when Philpot qualified as his guardian. On September 8, 1926, Philpot's final settlement as guardian of Earl Boyd was recorded in the Bell county court. The settlement showed receipts of $1,643, and disbursements of $1,642.60. Earl Boyd arrived at the age of 21 years March 21, 1927. Philpot died in December, 1932, leaving a will in which he appointed Norma Philpot, his wife, executrix, and devised to her all of his estate. This suit to surcharge the settlement and to settle the estate of E. Philpot was brought March 19, 1934. Norma Philpot, executrix and sole devisee under the will of her husband, and James Howard, surety on the guardian's bond, were made defendants. It was alleged in the petition that during the year 1923 there came into the hands of E. Philpot, as guardian of plaintiff, Earl Boyd, the sum of $2,000, which was the compensation paid for the accidental death of the plaintiff's father, Joe Boyd, and that E. Philpot, as guardian, paid out only $1,105, leaving $895 due the plaintiff, with interest thereon from March 21, 1927, his 21st birthday. It was also alleged that the settlement filed by E. Philpot in the Bell county court, purporting to be the final settlement of his accounts as guardian, was false, fraudulent, and untrue, except that the plaintiff admitted the total amount legally paid out and distributed by E. Philpot as such guardian was the sum of $1,105 and no more. The defendant, Norma Philpot, filed an answer, the first paragraph of which was a traverse. In the second paragraph she alleged that E. Philpot left no estate above the exemptions allowed to her by law as his widow, and the third paragraph of her answer was a plea of limitations. In a separate answer, James Howard, the surety on the guardian's bond, plead and relied upon the statute of limitations as a bar to the action. His plea of limitations was sustained, and the petition dismissed as to

him. Norma Philpot's plea of limitations was disallowed, and judgment for the sum of $895, with 6 per cent. interest thereon from March 26, 1927, was rendered against her as executrix. The judgment further provided that "The plaintiffs are entitled to recover in satisfaction of this judgment from the defendant, Norma Philpot, all monies or property which she received from the estate of said Ed Philpot, deceased, either as Executrix or as Devisee under his will, and that suit may hereafter be brought against her for a settlement of said Ed Philpot's estate and for a recovery and foreclosure of any assets which came to her hands from said estate."

Considerable proof was heard, but it fails to show the exact amount of money received by the guardian. It seems that Joe Boyd, father of Earl Boyd, died in 1918 from injuries received in an accident while he was employed in a coal mine. A claim was filed with the Workmen's Compensation Board, which awarded compensation in the sum of $4,000, of which $2,000 was awarded to Joe Boyd's widow and $2,000 to his infant son, Earl Boyd. After the weekly payments had been made for a period of time not disclosed by the record, the future payments of compensation were commuted to a lump sum pursuant to the provisions of section 4907 of the Kentucky Statutes. The evidence does not disclose the amount of the commuted sum, but necessarily, it was less than the amount of the award, $2,000. It also appears that someone other than E. Philpot qualified as guardian of Earl Boyd prior to December, 1919, and that he turned over the funds in his hands to E. Philpot after the latter qualified as guardian. It is admitted that the first guardian deducted his commissions and expenses, but the amount of these deductions is not disclosed. It is clear from the evidence, however, that E. Philpot, as guardian, received considerably less than $2,000. We deem it unnecessary, however, to discuss the evidence in detail, since we have concluded that the appellant's plea of limitations should have been sustained.

Appellee contends that the 15-year statute of limitations applies, and he cites section 2514 of the Kentucky Statutes which provides that an action upon the official bond of a personal representative, guardian, committee, or trustee appointed by a court or authority

of law shall be commenced within 15 years after the cause of action first accrued. Section 2515 of the Kentucky Statutes provides that an action for relief on the ground of fraud or mistake shall be commenced within five years next after the cause of action accrued. An action to surcharge a guardian's settlement is necessarily based on either fraud or mistake. In Blake v. Wolfe, 105 Ky. 380, 49 S. W. 19, 50 S. W. 2, 20 Ky. Law Rep. 1212, 1830, an action to surcharge a guardian's settlement was brought more than 20 years after the settlement was made, but less than 15 years after the ward became of age. It was held that the five-year statute of limitations and not the 15-year statute applied, and, in the course of the opinion, it was said [page 20]:

> "If the guardian made a mistake in his settlement, and credited himself honestly with credits to which he was not entitled, the action to correct this settlement is certainly an action for relief for mistake, within the meaning of this section; and if he did not act honestly, but fraudulently charged himself with less than he had received, or fraudulently credited himself with money he had not expended, as alleged by appellees, the case falls equally within the statute; and, by its plain terms, the action must be brought, in any event, within 10 years after the ward arrived at age."

Section 2519 of the Kentucky Statutes provides that in actions for relief for fraud or mistake the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake, but no such action shall be brought 10 years after the time of making the contract or the perpetration of the fraud. This statute has no application here, since the appellee admitted he knew all the facts when he arrived at the age of 21 years on March 21, 1927. His cause of action accrued when the final settlement was filed, and limitations began to run when he arrived at age.

In Hall's Adm'r v. Hall's Ex'r, 265 Ky. 528, 97 S. W. (2d) 23, Woodford Hall's wife, Emma H. Hall, had died January 12, 1922, leaving a will by which she gave her husband a life estate in her property, and named him as her executor. On July 6, 1923, he filed a settlement as executor, showing a balance that he held for life of $898.87. In the action to settle Woodford Hall's estate, the devisees of Emma H. Hall, in an answer and

counterclaim, charged that after the payment of all debts more than $15,000 came into the hands of Woodford Hall as executor of Emma H. Hall, and they sought to avoid and surcharge the settlement filed July 6, 1923. The answer and counterclaim was filed less than ten years after the date of settlement. In a reply, the executor of Woodford Hall pleaded the five-year statute of limitations. It was held that the five-year statute applied, the court saying [page 25]:

"This case cannot be distinguished from Wren's Ex'r v. Wren's Ex'x, 126 Ky. 704, 104 S. W. 737, 31 Ky. Law Rep. 1096. In that case the widow of James W. Wren was both life tenant and executrix, and her settlement was attacked 10 years, 7 months, and 24 days after it was recorded. It was held to be too late, and that decision was rested upon section 2522, Kentucky Statutes (the 10-year statute), but it was not there held that it might not have been rested on section 2515, Kentucky Statutes (the 5-year statute), or section 2529, Kentucky Statutes (the 7-year statute). The attack upon the settlement in this case was made 9 years, 7 months and 7 days after it was made.

"If Woodford Hall, when he made this settlement, had any funds belonging to Emma H. Hall other than the $898.87 reported by him (which is quite improbable), and he innocently failed to include and report it, that was a mistake on his part, and, if he had such funds, and knowingly concealed and failed to report them, that was a fraud on his part. So, if he had funds belonging to his wife's estate for which he did not account in this settlement, that was either a fraud or a mistake, and this settlement can be attacked for either, but when?

"In the Wren Case we held the cause of action to surcharge the settlement arose when the settlement was made; then in this case appellant's cause of action arose July 6, 1923. Appellants should have begun their attack previous to July 6, 1928."

See, also, Mouser v. Nunn, 142 Ky. 656, 134 S. W. 1148.

The rule is that in a suit on a guardian's bond the 15-year statute of limitations applies if no final settle-

ment has been filed, but, in an action to surcharge a settlement, sections 2515 and 2519 of the Statutes apply. It follows that the defendant's plea of limitations should have been sustained, and the plaintiff's petition dismissed.

The judgment is reversed, with directions to enter a judgment in conformity herewith.