Georgia Mae STANFIELD and Leslie Cole Stanfield, Appellants,

v.

Carolyn Ann WILLOUGHBY, Lee Willoughby, and Alton S. Payne, Appellees.

Court of Appeals of Kentucky.

Feb. 3, 1956.

Redwine & Redwine, Marcus C. Redwine, Winchester, for appellants.

Alton S. Payne, Winchester, for appellees.

STEWART, Judge.

This appeal is from a judgment wherein the chancellor expressly declined to change the name of an 8-year-old infant who was adopted by appellant, Leslie Cole Stanfield, her stepfather. The natural mother joined in the proceeding below and is a party to this appeal. It is also contended the fee allowed the guardian ad litem was excessive. The prayer of the complaint asked that the infant's name be changed from Carolyn Ann Willoughby to Carolyn Ann Stanfield in order to conform to the last name of her adoptive parent and natural mother since the latter's remarriage.

Appellants maintain the judgment should be reversed because it is their view KRS 199.530 mandatorily directs the name of the child to be changed in accordance with the prayer of the complaint. The pertinent portion of KRS 199.530 upon which they rely reads: "After the entry of the order of adoption provided for in KRS 199.520, the court shall enter a judgment of adoption in which judgment the name of the child shall be changed to conform with the prayer of the petition, and the judgment * * *."

Did the lower court deny appellants a statutory right in refusing to bestow their name upon the adopted child?

In its ordinary meaning "shall" has a compulsory, imperative, or mandatory meaning. See 80 C.J.S., Shall, p. 136. When the word is employed in a statute, however, its ultimate significance is to be ascertained from a consideration of the legislative intent and in arriving at that intent the act or statute involved must be examined. See Skaggs v. Fyffe, 266 Ky. 337, 98 S.W.2d 884.

In 1940, the Legislature enacted a law that was intended to be a comprehensive and all-inclusive statute on the subject of

adoption. This was Chapter 94, Acts of 1940, formerly KRS 405.140 to 405.240, inclusive, now KRS 199.470 to 199.990, inclusive. Even a casual reading of this Act in its original form will convince one that the legislative intent in the passage of the Act was to place a minor when adopted on the same basis as a child born into the family. Amendments of the Act from time to time have not done away with this central idea.

The following are legal requirements and principles involved in an adoption action: Both the husband and wife must join in the proceeding where the adoption of a minor is sought, unless the one or the other is the natural parent. See KRS 199.470(2). Termination of all parental rights is necessary when a child is to be adopted. See KRS 199.600 to 199.630. This latter section provides in this regard that "all legal relationships between the parents and child shall cease to exist, the same as if the relationship of parent and child had never existed, except that the child shall retain the right to inherit from its parents under the laws of descent and distribution." Furthermore, pursuant to KRS 199.530, an adopted child may inherit not only from but through the adoptive parents just as may a natural child. See also Kolb v. Ruhl's Adm'r, 303 Ky. 604, 198 S.W.2d 326. The lower court shall not enter an order of adoption unless it finds "the petitioners are of good moral character, of reputable standing in the community and of ability to properly maintain and educate the child, and that the best interest of the child will be promoted by the adoption and that the child is suitable for the adoption." See KRS 199.520.

In view of the above provisions, we conclude it is clear when the adoption of a child is consummated under the Adoption Act the Legislature intended that the surname of the child be altered to that of the adoptive parents, if such is the prayer of the complaint. We are fortified in this belief for the reason also that, after the change of name in the adoption proceeding, KRS 199.570(2) directs the clerk of the circuit court to promptly report such fact to the Division of Vital Statistics of Kentucky, in order that the Division "shall cause to be made a new record of the birth in the new name".

The chancellor awarded the guardian ad litem herein a fee of $100. It is contended this allowance is excessive. The guardian ad litem participated in the hearings in the lower court and has appeared before this Court, submitting a brief. In this instance, the guardian ad litem appointed by the clerk served throughout the case. This is now permissible. See CR 17.03, as amended October 15, 1954, effective March 1, 1955. From our examination of the labor performed by the guardian ad litem we believe the fee was a most reasonable one.

Wherefore, that part of the judgment refusing to change the name as requested is reversed and that part of it fixing a $100 fee for the guardian ad litem is affirmed, and the case is remanded for the entry of judgment in conformity with this opinion.