**The KENTUCKY TRUST COMPANY,**
**Plaintiff,**
**v.**
**Allan G. SWEENEY et al., Defendants.**
**Civ. No. 3198.**

United States District Court
W. D. Kentucky,
Louisville Division.
Jan. 22, 1958.

A. Shelby Winstead, Louisville, Ky., for plaintiff, The Kentucky Trust Co.

Thomas W. Bullitt, Louisville, Ky., for defendant Citizens Fidelity Bank and Trust Co.

J. H. Gold, Louisville, Ky., for defendants Austine B. Morton, Jeanette Barton Green, Louise D. Dulaney, Frank B. Thompson, and Frank B. Thompson as executor of the estate of James P. Thompson.

Thomas E. Sandidge, Owensboro, Ky., Dan MacDougald, Atlanta, Ga., for defendants Fontaine Fox, Frances B. Fox, Barton Fox, and Gilmer Adams MacDougald and Dan MacDougald as executors of the estate of Jessie Adams MacDougald.

Albert Reutlinger, Louisville, Ky., for defendant Mary Fox Reutlinger.

BROOKS, District Judge.

This interpleader action is submitted on motion of the plaintiff, The Kentucky Trust Company, for a summary judgment declaring the rights of the parties with respect to the trust under the will of Henry S. Barton, deceased. Jurisdiction exists under Title 28 U.S.C.A. § 1335 and there is no issue as to any material fact. The plaintiff is the successor trustee under the will and claimants to a part of the trust assets are the plaintiff, the testator's nieces, nephews and grandniece (sole surviving next of kin) and a former trustee under the will. On January 2, 1957, a default judgment was entered declaring that named heirs of the life beneficiary of the trust have no title to any part of the trust assets.

Paragraph 2 of the will establishes a trust with a life estate in one Anne Lee and then provides: " * * * after her death the principal of said trust estate shall be distributed among those entitled thereto under the laws of descent and distribution of the Commonwealth of Kentucky in force at that time * * *." Testator was unmarried and without issue and at his death his parents, brothers and sisters had all predeceased him. At the death of the life beneficiary the testator's living next of kin were Louise D. Dulaney, daughter of George DuRelle, testator's deceased half-brother; Austine B. Morton, daughter of Charles P. Barton, testator's deceased brother and Jeanette B. Green, daughter of the deceased son of that brother; Frank B. Thompson and James P. Thompson, sons of Atlanta B. Thompson, one of testator's deceased sisters; and Fontaine Fox, Frances B. Fox, Mary Fox Reutlinger, Barton Fox and Jessie Adams MacDougald, children of Mary Barton Fox, testator's other deceased sister. The children of Mary Barton Fox are hereinafter referred to as the Fox descendants. In 1895 Jesse Adams MacDougald, the natural daughter of Mary Barton Fox, was adopted at the age of three months by Mr. and Mrs. Gilmer Adams, neither of whom was related to the testator. During the pendency of this action Mrs. MacDougald and James P. Thompson died and their respective executors were substituted as defendants.

The Fox descendants assert that under the will the trust property should be distributed on a per capita basis, while the other next of kin assert it should be distributed per stirpes. There is also a contention that Mrs. MacDougald is not entitled to any part of the estate because of her adoption out of the blood line of the testator.

Throughout the will and codicil are clear indications that the testator intended that his property be held first for the benefit of Anne Lee, then for the use of his own statutory next of kin. Paragraph 2 of the will, quoted above, shows that if Anne Lee survived the testator the controlling statutes were to be those in effect at her death, not his. In view of the family situation at the death of Anne Lee on April 3, 1956, KRS 391.010 (3), 391.040, 391.050, and 199.520 are controlling and distribution of the property must be made per stirpes. Since the testator had no children and his parents had predeceased him the "class first entitled to inherit" referred to in KRS 391.-040 is the class of brothers, sisters and their descendants collectively. KRS 391.010(3). Some of that class—the brothers and sisters—are now dead and KRS 391.040 requires that the descendants take per stirpes the share of their respective deceased parents. Recognizing KRS 391.050 George DuRelle, testator's half-brother would have taken one-seventh of the trust estate, with two-sevenths each to Atlanta B. Thompson and Mary Barton Fox, sisters, and Charles P. Barton, brother. See Covington v. Beck, 1927, 219 Ky. 84, 292 S.W. 752. These shares will pass per stirpes to the respective descendants of the deceased brothers and sisters.

No authority has been found to support the contention of the Fox descendants that distribution under the statutes should be made per capita. They rely on Brown's Ex'r v. Brown's Devisees, 1870, 6 Bush 648, 69 Ky. 648 and Hughes v. Hughes, 1904, 118 Ky. 751, 82 S.W. 408. Those cases, however, involved interpretation of the testator's intent as expressed in the will, not construction of the laws of descent and distribution. In the Brown case, supra, the "statute of descents" was expressly declared not applicable.

KRS 199.520(2), in force at the death of Anne Lee on April 3, 1956, determines the effect of the adoption of Mrs. MacDougald "for purposes of inheritance and succession and for all other legal considerations." Under this statute she had no legal relationship to her birth parents and neither she nor her executors can share in the distribution of this estate by right of representation under KRS 391.040.

Mrs. MacDougald's executors rely on KRS 199.630 and Stanfield v. Willoughby, Ky.1956, 286 S.W.2d 908, 53 A.L.R.2d 925. This case, however, was decided prior to the 1956 repeal of KRS 199.530 and amendment of KRS 199.520. Former KRS 199.530 and KRS 199.630 had become effective at the same time and were natural correlatives in preservation of rights of inheritance from the natural parent. While repeal by implication is not favored, Schaengold v. Behen, 1948, 306 Ky. 544, 549, 208 S.W.2d 726, 729–730, the 1956 repeal of KRS 199.530 and amendment of KRS 199.520 (2) repeal by implication the earlier-enacted KRS 199.630(2) to the extent of the inconsistency. KRS 199.630(2), therefore, cannot control this case.

Another controversy centers around the no-contest clause in the codicil to the will. Item 3 of the codicil provides:

> "If any person receiving, or to receive, any benefit under my said will, or this codicil thereto, or if any other person shall, directly or indirectly, resist its probate or seek in any way to contest my said will, or this codicil, then in any such event the person so doing * * * shall forfeit all interest in my estate under my said will and this codicil or otherwise * * *."

In June, 1956, after the death of the life beneficiary a complaint was filed by some of the next of kin in Daviess Circuit Court seeking a declaration of the rights of the parties and naming as defendants the Fox descendants, the former trustee under the will and the executor of the estate of the life beneficiary. The Fox descendants contend that by commencing that action the plaintiffs forfeited their rights under the will.

From an examination of the complaint, however, it appears that the action is one under KRS 418.040 for a declaratory judgment construing the will. The purpose of the action was to affirm the terms of the will and establish the rights of the beneficiaries as they asserted them to be and give effect to the intent of the testator according to the beneficiaries' interpretation. Therefore, it was not an effort to contest, vacate or annul the will within the meaning of Item 3 of the codicil. Dravo v. Liberty National Bank & Trust Co., Ky.1954, 267 S.W.2d 95.

In addition to the claims of the next of kin, Citizens Fidelity Bank and Trust Company asserts that it has a lien on the trust property to secure its claim for principal commission of $13,967.50 earned as a former trustee under the will. Its claim is based on an order of September 28, 1949, confirmed October 17, 1949, by Daviess County Court making final settlement of the bank's fiduciary account, awarding the compensation to the bank, postponing collection until termination of the trust and creating the lien to secure the bank's claim. The Fox descendants seek to avoid the effect of that order by contending they had no notice that the principal commission would be awarded. They do not contest the sufficiency of notice of the final settlement, but seek to make a distinction between the award of lien and the final settlement order.

KRS 413.120(12) bars this attack on the Daviess County Court order. Philpot's Ex'x v. Boyd, 1938, 275 Ky. 39, 120 S.W.2d 747. KRS 25.175, 25.180, 25.190 and 25.195 make it clear that award of compensation to a trustee is an integral part of the final settlement proceeding. Sufficiency of notice of the settlement under KRS 25.195 is not contested here and such notice is in itself notice that the trustee's compensation will be awarded. See also In re Bryon's Estate, Sur., 1954, 132 N.Y.S.2d 87. Therefore, the order of Daviess County County Court awarding a lien to Citizens Fidelity Bank and Trust Company is a valid order.

In accordance with this memorandum the trust estate, after payment of trustees' fees, should be distributed as follows: one-seventh each to defendants Louise D. Dulaney, Frank B. Thompson, Frank B. Thompson, executor of the estate of James P. Thompson, Austine B. Morton, and Jeanette B. Green; and one-fourteenth each to defendants Fontaine Fox, Frances B. Fox, Mary Fox Reutlinger and Barton Fox.

Counsel for the prevailing parties will tender appropriate judgment on notice in accordance with this memorandum.