John Charles GOLDFUSS, Jr., Movant,

v.

Mary Lee GOLDFUSS et al.,
Respondents.

Supreme Court of Kentucky.

April 11, 1978.

Gerald T. Ashcraft, Covington, for movant.

William I. Bubenzer, Covington, for respondent.

REED, Justice.

I

The Kenton Circuit Court entered a judgment approving the adoption of an infant by a married couple with whom he had been placed by a licensed child care agency, after his natural mother had voluntarily terminated her parental rights. The child's natural father executed a "notarized" and "witnessed" consent to the child's adoption. The father's parental rights were not terminated. He was neither made a party in the mother's voluntary termination proceeding nor was he made a party in the subsequent adoption proceeding. His parental rights simply have not been terminated in either a voluntary or involuntary proceeding.

The guardian ad litem filed an appeal on behalf of the child sought to be adopted to the Court of Appeals. That court affirmed the judgment of adoption. We granted discretionary review.

Although we sympathize with the motivation of the trial judge and that of the Court of Appeals in upholding this judgment, we are convinced it is better to face the prospect that this legitimate child now appears to have two legal fathers than to attempt to deal with the problem years from now when intervening events would doubtless make the trauma all the more unendurable. Compliance with the applicable statutes will assure that "all connections, legal and personal, with any natural parent [are ended]." *Jouett v. Rhorer*, Ky., 339 S.W.2d 865, 868 (1960). We reverse the decision of the Court of Appeals and remand the case to the Kenton Circuit Court with directions to set aside the judgment and for any further proceedings consistent with this opinion.

II

On April 2, 1976, the natural mother of the child filed a petition for voluntary termination of her parental rights. Her petition stated that she had been married and divorced. Filed in this same proceeding was a consent to adoption signed by the child's "legal" father. It was not recited

that he had sworn to the recitals contained in the document. There was no jurat or acknowledgment by him. There were merely two notations, one stating in substance that the signing individual was a "witness" and the other that another signing individual "notarized" something unspecified. The father filed no petition for a voluntary termination of parental rights. The trial court entered an order terminating the parental rights of the mother only.

On April 13, 1976, a petition for adoption was filed by the married couple with whom the child sought to be adopted had been placed by the child care agency. This petition named as defendants the child sought to be adopted, the child care agency and "Department of Child Welfare (sic), Commonwealth of Kentucky." The child's father was not named a party defendant. The petition incorrectly alleged that the parental rights of the parents had been terminated. It also alleged the necessity of the appointment of a guardian ad litem for purposes of defense in the proceeding. A guardian ad litem was appointed.

The guardian ad litem filed a written response to the petition for adoption wherein he asserted that neither sworn consents of the natural parents to the adoption nor certified copies of orders terminating the parental rights of the natural parents had been filed in the adoption proceedings. The trial court ordered that a copy of the judgment terminating parental rights be filed in the adoption record. After a hearing and over objections of the guardian ad litem a judgment of adoption was entered August 20, 1976.

### III

KRS 199.480 provides in pertinent part: "The following persons *shall* be made parties defendant in an action for leave to adopt a child:

. . . . .

(b) The natural living parent of a child under eighteen (18), if the child is legitimate, . . . provided that no natural parent need be made a party defendant in the event the parental rights of such parent have been terminated under KRS 199.600 to 199.630, or under a comparable statute of another jurisdiction;" (Emphasis supplied).

It is conceded that the child whose adoption is sought is legitimate and that the natural father of the child is known. The parental rights of the natural father have not been terminated. The plain provisions of the adoption statute mandatorily require that he be made a party defendant in the action for adoption and that "[he] shall be brought before the court in the same manner as provided in other civil cases . . . ." KRS 199.480(2).

The legal act of adoption is purely statutory, and the statute authorizing the adoption must be strictly complied with. *Carter v. Capshaw,* 249 Ky. 483, 60 S.W.2d 959, 962 (1933). There must be such strict compliance with statutes pertaining to adoption that where a purported consent of the mother was not given under oath, the failure to follow the statutory requisite of a "sworn consent" rendered the adoption judgment invalid. *Higgason v. Henry,* Ky., 313 S.W.2d 275 (1958).

"The right of adoption is in force in Kentucky only by virtue of statute. In this connection we said in *Stanfield v. Willoughby,* Ky., 286 S.W.2d 908, 53 A.L.R.2d 925, 'In 1940, the Legislature enacted a law that was intended to be a comprehensive and all inclusive statute on the subject of adoption. . . . Even a casual reading of this Act in its original form will convince one that the legislative intent in the passage of the Act was to place a minor when adopted on the same basis as a child born into the family . . . .' This Court also adheres to the rule of strict compliance with statutory law pertaining to adoption." *Jouett v. Rhorer,* Ky., 339 S.W.2d 865, 866 (1960). Later revisions of the Kentucky adoption law have reinforced the policy expressed by that analysis.

### IV

Under the facts of the case before us, it plainly appears that a party defendant made indispensable by the adoption

statute was neither named nor brought before the court by proper process in the adoption proceedings. The judgment of adoption is invalid.

It is suggested that if the adoption is again pursued the requirements of the adoption statute be strictly observed, and if a consent of the father be secured that such consent plainly show that it was made under oath.

The guardian ad litem has rendered invaluable, faithful service to promote the best interest of the child concerned. We thoroughly agree with the Court of Appeals that the guardian ad litem has acted in the highest tradition of the legal profession and is hereby highly commended.

The decision of the Court of Appeals is reversed and the cause is remanded to the Kenton Circuit Court with direction that the judgment of adoption be set aside and for any further proceedings in the Circuit Court to be consistent with this opinion.

All concur.