Scott Alan SKINNER, Appellant,

v.

Anisa K. SKINNER (Now Ross), Appellee.

No. 2006–CA–002523–MR.

Court of Appeals of Kentucky.

March 14, 2008.

Matthew B. Dehart, Jamestown, KY, for appellant.

Thomas G. Simmons, Monticello, KY, for appellee.

Before ACREE and STUMBO, Judges; GRAVES,[1] Senior Judge.

## OPINION

STUMBO, Judge.

Scott Alan Skinner (hereinafter "Skinner") appeals from an order of the Wayne Circuit Court sustaining the motion of Anisa K. Skinner (now Ross, and referred to hereinafter as "Ross") asking the court to take jurisdiction of child custody matters stemming from a prior dissolution of marriage proceeding in Tennessee. Skinner maintains that the court improperly assumed jurisdiction, improperly based its findings on facts not in the record, and erred in failing to maintain a record of its communications with the Tennessee court. For the reasons stated below, we affirm in part, reverse in part and remand.

On November 16, 1998, Skinner and Ross were divorced by a decree rendered in Knox County Chancery Court in the state of Tennessee. Ross received custody of the parties' minor child, with Skinner being granted visitation.

About one year later in November, 1999, Ross and the child moved to Kentucky and established residency. At all times subsequent thereto, they have continued to reside in Kentucky.

On April 1, 2004, Ross filed a petition in Wayne Circuit Court (Wayne County, Kentucky) to alter the child visitation schedule. Skinner subsequently moved to dismiss the motion for lack of jurisdiction. The matter proceeded before the Domestic Relations Commissioner ("DRC"), who heard proof. On June 25, 2004, the DRC rendered an order recommending that the Wayne Circuit Court decline jurisdiction. In support of the recommendation, the DRC noted that it has conferred with the Knox Chancery Court of Knox County, Tennessee on the jurisdictional issue pursuant to KRS Chapter 403. According to the DRC, the Knox Chancery Court opined that jurisdiction should remain with the Tennessee Court. The DRC stated,

The factual scenario dictates that Tennessee is the more appropriate forum in this circumstance. The circumstances are that in August of 2003, the Respondent here, Scott Alan Skinner filed a motion to require the Petitioner here, Anisa Ross, to show cause why she should not be held in contempt for her willful failure to permit the Respondent to exercise visitation with the parties [sic] child. In January 2004, the Petitioner here filed a "Motion to Acknowledge Loss of and/or to Decline Exercise of Jurisdiction".... Thereafter, the Petitioner's Tennessee attorney filed a Motion to Withdraw on March 29, 2004. That motion was granted by order entered April 1, 2004, see copies attached. The Petitioner was granted time to obtain an attorney. On May 28, 2004, the

1. Senior Judge John W. Graves, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

Chancellor entered an order that the Motion to Acknowledge loss of and/or to Decline Exercise of Jurisdiction was denied for the reason that said motion was not prosecuted by the Petitioner. The Chancellor also set a trial of all issues for July 8, 2004. An order was served upon the Petitioner at her last known address. . . .

The action instituted by the Petitioner in Kentucky, which seeks to alter the visitation rights of the Respondent, was filed on April 1, 2004, the same day that the Petitioner's attorney is [sic] Tennessee was granted leave to withdraw. Therefore, it appears that the Petitioner has, after responding to the litigation in Tennessee, attempted to change jurisdictions. As the respondent here initially sought to enforce the existing Tennessee Order in August of 2003, it is not appropriate to permit the Petitioner here to defeat the Respondents [sic] efforts to see his child by seeking relief in the Tennessee Court which granted him visitation initially. See KRS 403.450 which says that Kentucky shall not exercise Jurisdiction if a proceeding in another State is pending and that State is exercising jurisdiction consistent with the Uniform Child Custody Jurisdiction Act, which Tennessee does. Because the parties were operating under the Tennessee decree and Respondent had sought to enforce his rights thereunder as early as August 2003, Petitioners [sic] attempt to alter the Tennessee decree by filing in Kentucky on April 1, 2004, must give way. Additionally, it must be stated that the Petitioner did not mention in her Kentucky petition that she had already entered an appearance with

Counsel in Tennessee on January 28, 2004.

It is the recommendation of the Domestic Relations Commissioner that the Wayne Circuit Court in the Commonwealth of Kentucky defer to the Jurisdiction of the Knox Chancery Court in the State of Tennessee. It is further recommended that the Petition herein be dismissed.

After the filing of the DRC's recommendations, Ross filed exceptions. On August 5, 2004, the Wayne Circuit Court rendered an order acknowledging that Tennessee retained jurisdiction over a related contempt proceeding, but holding that Kentucky had jurisdiction over the child because the child resided in Kentucky since 1999. On July 18, 2006, Skinner moved that the Wayne Circuit Court decline jurisdiction over the child and give full faith and credit to the orders arising in the Tennessee court. Shortly thereafter, Ross sought an emergency order to suspend visitation based on the child's allegation that Skinner tried to touch her in an inappropriate manner on one or more prior visitations.[2]

Apparently persuaded by Skinner's July 18, 2006, motion, the Wayne Circuit Court rendered an order on August 23, 2006, reversing its August 5, 2004, order and ruling that it would decline jurisdiction as to the modification of visitation and give full faith and credit to the child custody orders from the state of Tennessee.

On August 28, 2006, Ross moved to alter, amend or vacate the August 23, 2006, order declining jurisdiction. Finally, on September 13, 2006, the Wayne Circuit

---

2. Attached to the motion was a report from Adanta Child and Adolescent Clinic in Monticello, KY. The report detailed the child's allegation of attempted sexual abuse, i.e., Skinner allegedly trying to tickle or touch the child's private area while she was in bed. Skinner would later claim that this report was not made part of the record, and Ross would so acknowledge. However, the report does appear in the record at page 50.

Court rendered an order which forms the basis of the instant appeal. The court ruled in relevant part that the UCCJA and KRS Chapter 403 operated to vest with Kentucky jurisdiction over child custody and visitation matters. As a basis for the ruling, the court found that Kentucky was the home state of the child, and that she had resided in Kentucky continuously for approximately seven and one-half years. The court also determined that it was in the child's best interest for Kentucky to exercise jurisdiction. And finally, the court determined that Skinner had sexually abused the child, stating that "[t]his court cannot in good conscience place a child in the custody of a person who has been abusive to the same child. Therefore without question this court should assume jurisdiction of the child under this section."

On October 6, 2006, Skinner moved for the court to disclose its record of communications with the Tennessee court, as well as any documentary or other evidence it possessed in support of its conclusion that Skinner had abused the child. On October 11, 2006, Ross filed separate motions to suspend visitation due to sexual abuse (her prior motion having not been ruled upon) and for child support. On November 13, 2006, the court rendered an order overruling Skinner's motion for disclosures "due to the fact that no record was kept of the communication between this Court and the Knox Circuit Court." This appeal followed. Ross's motions seeking to suspend visitation and requesting child support were not ruled upon prior to the filing of Skinner's Notice of Appeal and therefore are not contained in the appellate record.

Skinner now argues that the circuit court erred in sustaining Ross's August 28, 2006, motion to alter, amend or vacate the August 23, 2006, order declining jurisdic-

tion. Skinner maintains that KRS 403.420 is controlling. According to him, this statute allows for jurisdiction to be determined based either upon whether Kentucky is the child's home state, or whether another state has continued to maintain jurisdiction in the matter. Skinner argues that Tennessee continued to maintain jurisdiction over the action, and that the Wayne Circuit Court so acknowledged as late as August 23, 2006, when it stated that "the state of Tennessee shall have jurisdiction of modification and child custody orders in this case." He argues that by reversing this order with the entry of a new order rendered on September 13, 2006, "the Wayne Circuit Court has placed itself in the position of a review court by attempting to reassert jurisdiction over an issue which it had previously ruled that it did not maintain." In sum, Skinner seeks an order reversing and remanding the circuit court's order assuming jurisdiction of the action.

■ We find no error on this issue. KRS 403.420, to which both Skinner and the circuit court have cited, was repealed and supplanted by KRS 403.822, effective July 13, 2004. KRS 403.420 established, and KRS 403.822 now establishes, jurisdiction in Kentucky if Kentucky is the "home state" of the child at the time of the initial proceeding, or if the child and at least one parent "have a significant connection with this state other than mere physical presence." Pursuant to KRS 403.826, a Kentucky court shall not modify a custody determination made by the court of another state unless Kentucky has jurisdiction to make the initial determination under KRS 403.822, or unless a court of this state or another state has determined that the child and at least one parent do not reside in the other state.[3]

**3.** KRS 403.826 also provides other means of

establishing the jurisdiction to modify a for-

■ However, because Ross's petition to alter visitation was filed before the enactment of KRS 403.822 and KRS 403.826, the law in effect at the time of filing is controlling. See KRS 403.878(1), stating that [a] motion or other request for relief made in a child custody proceeding or to enforce a child custody determination which was commenced before July 13, 2004, is governed by the law in effect at the time the motion or other request was made. Ross filed her petition to modify visitation on April 1, 2004. As such, KRS 403.420(1) (now repealed, but supplanted by the identical KRS 403.822) is controlling. It stated that:

(1) *A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:*

(a) *This state is the home state of the child at the time of commencement of the proceeding,* or had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one (1) contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(c) The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b), or (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction. (Emphasis added).

Thus, Kentucky has jurisdiction to adjudicate Ross's petition since it is uncontroverted that the child resided with Ross in Kentucky for at least six months prior to the filing of the petition. The Wayne Circuit Court properly so concluded, and we find no error on this issue.

■ Skinner also argues that the trial court erred when it rendered the September 13, 2006, order based on facts not found in the record. He notes that in making its determination to assume jurisdiction, the circuit court acknowledged relying upon written letters from counselors addressing the child abuse allegation. These letters, he claims, are not found in the record and have not been made available to him for review or rebuttal. In a related argument, Skinner also argues that the circuit court improperly failed to maintain a record of its communication with the Tennessee court as required by statute, thus preventing him from defending, explaining or rebutting any information contained therein. He argues that this failure, when taken together with the court's reliance on letters from counselors which are not contained in the record, grossly prejudiced the proceedings against him

eign custody determination which are not relevant to the matter at bar.

and entitle him to reversal of the order on appeal and with remand for further proceedings.

KRS 403.816 states that,

(1) A court of this state may communicate with a court in another state concerning a proceeding arising under KRS 403.800 to 403.880.

(2) The court may allow the parties to participate in the communication. If the parties are not able to participate in the communication, they shall be given an opportunity to present facts and legal arguments before a decision on jurisdiction is made.

(3) Communication between courts on schedules, calendars, court records, and similar matters may occur without informing the parties. A record need not be made of the communication.

(4) Except as otherwise provided in subsection (3) of this section, *a record shall be made of a communication under this section.* The parties shall be informed promptly of the communication and granted access to the record.

(5) As used in this section, "record" means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form. (Emphasis added).

The word "shall" has a compulsory, imperative or mandatory meaning. *Stanfield v. Willoughby,* 286 S.W.2d 908 (Ky.1956). When the word shall is employed in a statute, its ultimate significance is to be ascertained from a consideration of the legislative intent. *Id.* In the statute at issue, it is clear that the legislature intended to require the circuit court to produce a record (i.e., information that is inscribed on a tangible medium), and that the production of this record was not discretionary (a record *shall* be made). It is uncontroverted that the Wayne Circuit Court produced no such record, and it has ac-

knowledged such by way of its response to Skinner's motion to produce said record.

Similarly, in its September 13, 2006, order, the circuit court further stated that, [c]ounselors have written letters, explaining the actions the Respondent is accused of in the abuse of this child from her own statements. No such letters are contained within the circuit court record. Though one report from Adanta Child and Adolescent Clinic is contained in the record at page 50, it is appended to a motion and Skinner claims never to have received notice of it.

That point aside, there is no question but that the circuit court relied on letters which were not filed in the circuit court record, and that it failed to produce a record of its communications with the Tennessee court. Given the parties' right to have the matter adjudicated from the evidence of record, as well as their statutory entitlement to examine a record of the court's communication with the Tennessee court, this constitutes clear error by impairing or eliminating Skinner's ability to examine and rebut the evidence relied upon. A correct decision by the trial court will be upheld on appeal, notwithstanding that it was reached in whole or in part by an improper route or reasoning. *Revenue Cabinet v. Joy Technologies, Inc.,* 838 S.W.2d 406 (Ky.App.1992). Accordingly, we affirm in part the order of the Wayne Circuit Court as to that portion reflecting the court assuming jurisdiction based on its finding that Kentucky is the child's home state. The order is reversed in part and remanded as to that portion addressing matters not contained in the circuit court record.

ALL CONCUR.